### Railroad Company *v.* Durant.

1. Where a conveyance of real estate is made to the grantee, as " trustee," without setting forth for whom or for what purpose he is trustee, parol evidence is admissible to establish the fact.
2. A trustee cannot claim adversely to those for whom he acquired and holds the property.

Appeal from the Circuit Court of the United States for the District of Nebraska.

This was a bill in equity by the Union Pacific Railroad Company against Thomas C. Durant, to compel his conveyance to the company of certain lots and lands.

The case made by the complainant, in its bill, is substantially this : That in the month of November, 1863, the Union Pacific Railroad Company, having commenced surveys at or in the vicinity of Omaha, for the purpose of ascertaining the best point for the location of the eastern terminus of its road, and the most practicable route thence westward, certain citizens of Omaha proposed to the engineer in charge of said surveys to convey to the defendant, the then vice-president and principal managing officer and agent of the company, for its use, certain tracts of lands and certain lots therein described, " said conveyances to be made conditional upon the location of the said eastern terminus within one and a quarter miles of Farnham Street,

thence running west from said point towards the Platte Valley ; " that such proposal was accepted, and the conditions performed, and that the several parties, being satisfied therewith, made conveyances according to their agreement, but by the express direction of the defendant his name was inserted therein as grantee and trustee; that the said conveyances recited that they were made " in consideration of the location of the eastern terminus of the Union Pacific Railroad at Omaha, within one and a quarter miles of Farnham Street, thence running west from said point to the Platte Valley ; " that it was the intention of the donors to convey, and that the defendant took the lands and lots in trust for the company, it having furnished the consideration therefor, and still so holds the same, but has refused, upon request, to convey to the company. The bill prays for a decree to compel him to execute the trust and convey them to the complainant.

The substance of the answer is that the company did not fix the location of the eastern terminus or the westward route of the road, but that the surveys therefor were made at the defendant's individual expense, and under his management and direction; that the proposed donation was intended to be made to him individually, in order to secure his influence with the president and the company in establishing said terminus and route ; that the word " trustee " was inserted in said deeds solely at his own instance, to declare a trust in favor of the grantors, in case of a non-performance of the conditions of the agreement; that he has conveyed to the corporation a portion of the lands necessary to its use, but that the residue he still holds ; that the sole consideration of said conveyances was the location of the eastern terminus within one mile and a quarter of Farnham Street, and the approval of the route westward by the president, in whom alone was vested the power to locate the said terminus or the said route; that the condition of the contract never was complied with, and that therefore there has been a reversion of the lots and lands to the grantors, for whom he holds, and who should be made parties to the action.

Upon the final hearing the court dismissed the bill, on the ground, as to most of the property in controversy, that the pro-

posal pursuant to which the conveyances were subsequently executed to the defendant as trustee was secured by an illegal and oppressive exercise of his power as the acting president and active manager of the company, and that he held the property as trustee for the donors, except as to certain tracts, which, it was admitted, he had received as trustee for the company.

From the decree dismissing the bill this appeal was taken.

*Mr. Andrew J. Poppleton* for the appellant.
*Mr. James M. Woolworth, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

There are no questions of law or fact of any difficulty in this case. A brief opinion will be sufficient to dispose of it.

An examination of the record has satisfied us that the consideration for the conveyances to the appellee proceeded wholly from the appellant; that the appellee took the titles in trust; that he was a trustee; that the appellant was the *cestui que trust;* and that the appellee has stood in that relation ever since the conveyances were executed to him, and that he still holds the premises in that capacity. This is the whole case. The claim of the appellee that he took the titles in trust for the grantors is absurd upon its face, and contradicted by the proofs. If the grantors intended to deny the right of the company to demand the performance of the contract, why did they convey at all? *Potior est conditio defendentis.* Why interpose a trustee? and especially why recite in the deeds that the condition of the subscriptions had been fulfilled?

These suggestions set in a strong light the character of this pretence.

But it is said the conveyances grew out of an illegal transaction between the company and the grantors. To this there are several answers. The grantors have voluntarily executed the contract. They have not intervened, and do not complain.

The conveyances to the trustee were, in the view of the law, the same thing as if they had been to the company. The transaction between the parties in interest was thus finally closed. There will be neither more nor less of illegality between the original parties, whether the trustee does or does not respond to his obligation to the company. In that obligation there is no pre-

tence for saying there is any taint of any kind; and it is that obligation alone which it is sought to enforce by this proceeding. All the deeds but one designate the appellee as "trustee," without setting forth for whom or for what purpose. Parol evidence was admissible to show these things. The designation alone was sufficient to devolve the duty of inquiry upon any third person dealing with the property. *Duncan* v. *Jaudon*, 15 Wall. 165; *Shaw* v. *Spencer and Others*, 100 Mass. 321; *Sharp* v. *Taylor*, 2 Ph. 801; *McBlair* v. *Gibbs*, 17 How. 232; *Brooks* v. *Martin*, 2 Wall. 70. The appellee cannot claim adversely to those for whom he acquired and holds the property. The rights of others, if such rights exist, do not concern him. He cannot vicariously assert them.

The office of a trustee is important to the community at large, and frequently most so to those least able to take care of themselves. It is one of confidence. The law regards the incumbent with jealous scrutiny, and frowns sternly at the slightest attempt to pervert his powers and duties for his own benefit. The tenant cannot deny the title of his landlord. *A multo fortiori* ought not the trustee to be permitted to deny that of his beneficiary.

The position assumed by the trustee in this case is not unlike that of one who, having deprived the owner of the possession of his property, when called to account civilly or criminally, should insist that the owner's title was fatally tainted with fraud, and that hence the offender had the right to "take and carry away," and keep and enjoy, the property himself with impunity.

The conduct of the appellee, stripped of the verbiage with which it has been surrounded, and viewed in its nakedness, strongly offends the moral sense of the judicial mind.

The decree will be reversed, and the cause remanded with directions to enter a decree in favor of the complainant; and it is                                        *So ordered.*