JOHNSON, APPELLANT, v. CALNAN ET AL., APPELLEES.

1. STATUTE OF FRAUDS—EXPRESS TRUST.

Under the statute of frauds, the existence of a direct or express trust in lands cannot be established by parol evidence; but where there is some written evidence showing the existence of a trust, the door is thereby opened to the admission of parol evidence to show the truth of the transaction.

2. PAROL EVIDENCE TO EXPLAIN DEED.

In a deed conveying land the word "trustee" was inserted after the name of the grantee, and the deed was accepted in that form; afterwards in a contract relating to the land the grantee affixed the word "trustee" to his signature; *held*, that the word "trustee" thus used, without other words, was not mere *descriptio personæ*, but indicated that the grantee took the title, not in his individual capacity, but *in trust* for another, and that parol evidence was admissible to show for whom and for what purpose he became trustee.

*Appeal from the District Court of Garfield County.*

ACTION by grantors of certain real estate against the grantee, asking for a reconveyance and other relief. Findings and judgment in favor of plaintiffs. Defendant appeals.

### STATEMENT OF CASE.

Appellees John Calnan and his wife Johanna, Benjamin B. Hill and Charles H. Leonard were plaintiffs below; appellant William E. Johnson was defendant.

On and prior to January 5, 1887, plaintiffs were the owners of two certain tracts of land adjoining each other, and situate in Garfield county, Colorado, one tract containing twenty acres, the other containing forty acres. Leonard was first sued as defendant, but was afterwards made plaintiff upon his verified plea showing that he was identified in interest with the other plaintiffs. The material averments of the pleadings are, in substance, as follows:

### COMPLAINT.

That plaintiffs were the owners as tenants in common of

the twenty acres and of the forty acres of land aforesaid, describing the same according to the U. S. government survey.

That plaintiffs by their certain instrument in writing, duly signed, sealed, acknowledged and delivered, had on the 5th day of January, A. D. 1887, made, constituted, and appointed defendant William E. Johnson their attorney in fact to bargain, sell and convey in their names said forty acre tract, giving to said defendant full power to subdivide said land as he should see fit into lots, blocks, streets and alleys, it being then contemplated and intended to subdivide said land into lots, blocks, streets and alleys, and plat the same, and have said plat recorded in the office of the clerk and recorder of said Garfield county as the town site of Carbondale.

That at or about the time of executing said power of attorney, defendant Johnson represented to plaintiffs that the Aspen and Western Railway Company, a corporation then organized and existing under and by virtue of the laws of the state of Colorado, contemplated building a line of railroad from a point at or near the proposed town site of Carbondale, to some coal fields lying about fifteen miles southerly from said proposed town site, and that if sufficient land would be given to said railway company to place the buildings upon, it, the said railway company, would in the following spring erect on said twenty acres its machine shops, coal sheds, round house and depot, and further, that Johnson was in such a position that he could persuade the officers or directors of said railway company to erect said buildings on said land, if he could offer as an inducement so much of said twenty acres of land free of cost as the said railway company would need to place said buildings thereon.

That defendant further represented to plaintiffs that it would enhance the value of property owned by them in the forty acres of land which was then intended and since has been platted as the town site of Carbondale, if said buildings of said railway company would be built upon said twenty acres of land, and urged upon plaintiffs that sufficient land

out of said twenty acres should be conveyed by deed to said railway company to erect said buildings upon.

That plaintiffs being desirous that the value of the property owned by them in said intended town site of Carbondale should be enhanced, yet being unwilling to donate to said railway company all of said twenty acres of land, and being unwilling to give any of said land to said railway company unless its coal sheds, machine shops, round house and depot should within a reasonable time be built upon said twenty acres of land, and reposing confidence and trust in defendant, did, at said county of Garfield, on January 6, 1887, make, execute, acknowledge and deliver to him a deed of conveyance of said twenty acre tract of land (describing it), in trust, for the uses and purposes following, to wit: If the Aspen and Western Railway Company would, during the year of our Lord one thousand eight hundred and eighty-seven, build its depot, round house, machine shops and coal sheds on the land so conveyed, defendant Johnson should convey by deed to said railway company, free of cost or charge, so much of said land as would be needed to place said buildings on, and dispose of the remainder of the land in such manner as plaintiffs would direct.

That said deed to defendant names said defendant William E. Johnson as trustee, but the uses and purposes for which said trust was created were not expressed in said deed nor in any other written instrument, but were verbally expressed to said defendant by plaintiffs prior to and at the time of the execution of said deed, and were fully understood by said defendant at said times, and said defendant has frequently, since the execution and delivery of said deed, informed divers persons other than plaintiffs that he held said twenty acres of land so deeded to him by plaintiffs in trust for the uses and purposes aforesaid.

Said deed is set forth at length in the complaint, and it was further alleged that said deed was duly recorded in the office of the clerk and recorder of said Garfield county.

That said Aspen and Western Railway Company has not

at any time built or caused to be built any coal sheds, machine shops, round house, depot or other building or buildings, or any structure whatever on said land or any part of it, nor has said railway company put said land or any part of it to any use whatever, except to run its railway track through a portion of it, nor has or does said railway company exercise any act of ownership or control over said land.

That said defendant Johnson has not conveyed said land nor any part, parcel or portion thereof to said Aspen and Western Railway Company, nor to any person for it, nor to any person or persons or corporation or company whatever.

That said defendant Johnson, in violation of the trust vested in him by plaintiffs and in betrayal of the confidence reposed in him by plaintiffs and contrary to the uses and purposes for which said land was conveyed to him in trust as aforesaid, and without the knowledge or consent of plaintiffs, has wrongfully and unlawfully and in fraud of the rights of plaintiffs caused said land so conveyed to him in trust as aforesaid to be platted into lots and blocks, and annexed to the town site of Carbondale aforesaid, and has wrongfully and unlawfully and without the consent of plaintiffs, and with the intent of defrauding plaintiffs, attempted to bargain and sell a portion of said land to persons other than said Aspen and Western Railway Company for a large sum of money and to convert the proceeds thereof to his own use, and is still and now, as plaintiffs are informed and verily believe, attempting to sell portions of said land by lots and blocks for his own benefit contrary to the uses and purposes for which said trust was created and in fraud of the rights of plaintiffs.

That plaintiffs are ready and willing to do and perform whatever may be deemed proper and necessary to do in the premises.

Plaintiffs pray that defendant Johnson be required to convey to them said twenty acre tract of land, etc., and for such other and further relief as to the court shall seem proper and equitable, etc.

ANSWER.

*First.* Admits that plaintiffs made, executed and delivered to this defendant the deed of conveyance set out in the complaint, and admits that said grantors were, prior to the time of said conveyance, the owners of the land therein described.

*Second.* Admits that on, to wit, the 5th day of January, 1887, plaintiffs by their certain instrument in writing made, constituted and appointed this defendant their attorney, to bargain, sell and convey all or any of the premises mentioned in the second and third paragraphs of the complaint; and further admits that it was then contemplated and intended to subdivide the said premises into lots, blocks, streets and alleys, and plat the same and have said plat recorded in the office of the clerk and recorder of said Garfield county as the town site of Carbondale ; and further admits that plaintiffs were then the owners of the said premises.

But defendant avers in this connection, that it was not the intention, or within the contemplation of said parties, to establish said town site of Carbondale for the future benefit of the donors of said power, but that the same was intended only as a means of securing to them the payment of sixty-five hundred ($6,500) dollars by this defendant, as an agreed consideration for the sale of said premises in fee to him, and that at the time of the execution of said power of attorney it was by them expressly stipulated in writing that, upon the full payment by this defendant to them and to their use of the said sum of sixty-five hundred dollars, all that portion of said forty acres of land then remaining unsold, and all deferred payments for lots or land sold, and all securities taken in consideration of lots sold should thereupon be and become the property of this defendant, his heirs and assigns forever ; and further avers that the entire amount of said sixty-five hundred dollars has been long since duly received by said plaintiffs, and that for a long time prior to the commencement of this action they have had no title to said premises or ownership thereof.

*Third.* Denies each and every allegation of said amended complaint not hereinbefore specifically admitted.

Certain exhibits relating to said lands were admitted in evidence without objection. . Exhibits A and B relate to the forty-acre tract, and Exhibit C to the twenty-acre tract aforesaid. The exhibits are in substance as follows:

### EXHIBIT A.

Power of attorney from the four plaintiffs above named to defendant Wm. E. Johnson, dated January 5, 1887, acknowledged January 10, 1887, empowering said Johnson to subdivide as he shall see fit, into lots, blocks and streets, any part or all of a certain tract of land, consisting of forty acres, situated in Garfield county, and to file plats of such subdivisions so as to constitute the same the authentic plat of a town site; and to convey any and all lots and parcels of land so platted, accounting to the donors for all moneys received from such sale in accordance with the terms of a certain agreement contemporaneous herewith, providing for the application of said money.

### EXHIBIT B.

The agreement between the same parties, dated and acknowledged at the same time, recites and provides as follows:

1. That (plaintiffs) parties of the first part have bargained and sold to said William E. Johnson (defendant) the property described in Exhibit A, except certain reservations thereinafter mentioned.

2. Recites that Johnson has agreed to resell said land, and apply the proceeds of such sale to the use of first parties until the sum of $6,500 has been so applied, when all the remaining portion unsold is to become the property of said Johnson, his heirs and assigns forever.

Thereupon the agreement witnesseth:

1. That said Johnson agrees (1) to plat said land into lots, etc., and sell the same as rapidly as possible, but for not less than $40 per lot; (2) That upon the first of each month, after demand, he will divide the cash proceeds of such sale

between the parties of the first part and so continue to divide the receipts from such sale of lots from month to month upon demand until the full sum of $6,500 has been paid out to or for the use of the parties of the first part as aforesaid; (3) That eight lots are to be conveyed by Johnson to said first parties, as follows: Lots six and seven, block A, to B. B. Hill; lots five and six, block H, to C. H. Leonard; lots eight and nine, block A, and one and two, block L, to John and Johanna Calnan, said lots to be conveyed to said parties severally, as aforesaid, without consideration moving to second party therefor, said eight lots being reserved by first parties from the bargain and sale to second party.

2. That upon the full payment of $6,500 by Johnson, as aforesaid, then all that portion of said forty acres of land then remaining unsold, and all deferred payments for lots or land sold, and all securities taken in consideration of lots sold, shall be and become the property of the second party, his heirs and assigns forever.

EXHIBIT C.

" This deed, made this 6th day of January, in the year of our Lord one thousand eight hundred and eighty-seven, between John Calnan, Johanna Calnan, Benjamin B. Hill and Charles H. Leonard, all of the county of Garfield and state of Colorado, of the first part, and Wm. E. Johnson, trustee, of the county of Garfield and state of Colorado, of the second part.

" Witnesseth, that the said parties of the first part, for and in consideration of the sum of one dollar, to the said parties of the first part in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell, convey and confirm unto the said party of the second part, his heirs and assigns forever, all the following described lot or parcel of land, situate, lying and being in the county of Garfield and state of Colorado, to wit: The E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of

section 4 (plat No. 1) township 8, S., R. 88 W. of the 6th P.
M., being twenty acres of land.

" Together with all and singular the hereditaments and ap-
purtenances etc., * * * To have and to hold etc. * * * and
the above bargained premises in the quiet and peaceable pos-
session of the said party of the second part, his heirs and
assigns, against all and every person or persons lawfully
claiming or to claim the whole or any part thereof, by, through
or under the parties of the first part, the said parties of the
first part shall and will warrant and forever defend."

Signed, sealed and acknowledged by each of said plaintiffs
before a notary public.

Mr. W. P. HILLHOUSE, for appellant.

Mr. M. J. BARTLEY and Mr. E. T. TAYLOR, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Two questions are presented by the assignments of error:
Does the complaint state facts sufficient to entitle plaintiff to
a reconveyance of the land as prayed for ?   Are the findings
and decree sustained by competent and sufficient evidence ?

Both questions must be answered in the affirmative, unless
the statute of fraud and perjuries compels a different answer.
Section 6 of the statute reads as follows :

" Sec. 6. No estate or interest in lands, other than leases
for a term not exceeding one year, nor any trust or power
over or concerning lands, or in any manner relating thereto,
shall hereafter be created, granted, assigned, surrendered or
declared, unless by act or operation of law, or by deed or con-
veyance in writing, subscribed by the party creating, granting,
assigning, surrendering or declaring the same, or by his law-
ful agent, thereunto authorized by writing." Gen. Statutes,
§ 1515 ; Mills' An. Stats. § 2019.

Under the foregoing statute it has been held that the ex-
istence of a direct or express trust in lands cannot be estab-

lished by parol evidence. *Von Trotha v. Bamberger*, 15 Colo. 1. But where there is some written evidence showing the existence of a trust, the door is thereby opened to the admission of parol evidence to show the truth of the transaction. Hill on Trustees, 61, 62; 2 Sugden on Vendors (14th ed.) 437; Browne on Statute of Frauds (3d ed.) § 111; 1 Perry on Trusts, § 78 *et seq.*; *Bohm v. Bohm*, 9 Colo. 106.

By their special warranty deed of January 6, 1887, plaintiff conveyed the twenty-acre tract of land to defendant naming him "trustee" in the deed. Plaintiffs also produced further written evidence of the trust, as follows:

"Florence, 3, 23, 1888.

"Received of Chas. B. Toll, Esq., one thousand dollars, check No. 2489, part payment on block B, Carbondale, Colo.

Wm. E. Johnson, trustee."

On the offer of this receipt in evidence, "it was conceded by defendant that he made a contract to sell a portion of the twenty-acre tract to Mr. Toll, and that said receipt was given on account thereof. It was further admitted that neither Mr. Toll nor the said contract had any connection with the Aspen and Western Railway Company." It was also "conceded by defendant that nothing has been done toward complying with the conditions of the alleged trust herein set up by the plaintiff."

In the *Von Trotha-Bamberger Case, supra,* there was no written evidence to indicate that Bamberger held the title to the land *in trust;* nor was there any written evidence to show that Von Trotha ever had any valuable interest in the land, except by virtue of the *verbal* agreement under which she claimed. In the present case, it is conceded that plaintiffs were the owners in fee of the premises in controversy; they conveyed the same to defendant, naming him "trustee;" the conveyance was for the nominal sum of one dollar expressed in the deed; and no other consideration was given or received, unless the contract for the sale of the forty acres be regarded as a consideration for the conveyance of the twenty

acres also, on the theory that the contract of January 5th and the deed of January 6th constituted but one transaction. The contract and the deed do not refer to each other; each instrument is complete in itself; hence, *prima facie*, the execution of each instrument must be regarded as a separate transaction.

The word " trustee " inserted after the name of the grantee in the deed executed by plaintiffs, and also affixed by defendant to his signature to the receipt, would seem to indicate something more than a mere *descriptio personæ;* as a description of the person the word thus used is too general to amount to anything; as a description it does not identify any one. In our opinion, the word " trustee," under the circumstances, indicates the intention of the parties that the grantee was to take the title, not in his individual capacity, but *in trust* for another, though the name of his *cestui que trust* is not disclosed by the deed. In *Railroad Co. v. Durant*, 95 U. S. 576–579, where a certain person was designated as " trustee " in certain deeds " without setting forth for whom or for what purpose," it was held that " parol evidence was admissible to show these things." The authorities upon this point are not altogether clear or uniform; but we are of opinion that the *Durant Case* announces a proper rule for the determination of the present controversy. *Shaw v. Spencer*, 100 Mass. 393; *Brown v. Combs*, 29 N. J. Law, 36; *Selden's App.*, 31 Conn. 548; 2 Pomeroy's Eq. Juris. §§ 1009, 1010.

In behalf of appellant it is contended that in the absence of *fraud, accident or mistake*, the recital in a deed of a valuable consideration and acknowledgment of its receipt cannot be contradicted by parol evidence for the purpose of destroying the operative words of the conveyance. Such is undoubtedly the rule as between the parties to the instrument. 2 Devlin on Deeds, § 834; *Coles v. Soulsby*, 21 Cal. 51. But in this case plaintiffs do not undertake to prove that their deed did not operate as a valid conveyance. They allege, as their evidence clearly tends to prove, that they conveyed

and intended to convey the premises to defendant *as trustee*, so that he might convey the premises, or such part thereof as might be necessary, to the Railway Company, provided the Railway Company should comply with certain conditions on its part to be performed, and that in default of such compliance the premises should be reconveyed to plaintiffs. The parol evidence produced by plaintiffs did not contradict nor tend to destroy the effect of the deed as a valid operative conveyance of the title for the purposes and uses thus intended. In this view, it is entirely immaterial that defendant Johnson by himself or by his attorney actually paid to plaintiffs or either of them the one dollar consideration expressed in the deed.

As to the sufficiency of the evidence, little need be said. The cause was tried, as it was triable, before the court without a jury. It was tried in open court on oral testimony, and upon certain instruments in writing admitted to be genuine. There was no material variance between the pleadings and the evidence produced on the part of plaintiffs. The evidence tended to prove all the substantial averments of the complaint.

Defendant's version of the oral agreement was to the effect that his title to the twenty acres was to be absolute, unconditional and indefeasible ; that the land was so conveyed to him that he might locate the terminal improvements of the railway thereon, and so enhance the value of lots in the forty-acre tract which he had just acquired by his contract with plaintiffs ; and that plaintiffs had no other object or interest in the transaction than to get the $6,500 secured to them by the terms of such contract. If such was in fact the real transaction, plaintiffs would have had no reason for insisting upon the insertion of the word "trustee" in the deed after defendant's name, nor is it reasonable that defendant would have accepted the deed in that form. He admits that he knew he was designated as trustee in the deed when he accepted it. Plaintiffs' account of the transaction is the more reasonable from the fact that they had re-

served certain lots to themselves out of the forty-acre tract, and were interested in its prospective value ; besides, they were residents of Carbondale, and were interested generally in the growth and prosperity of the town.    But we need not further discuss the testimony or circumstances of the case. The parol evidence offered was competent under the issues, and clearly tended to support the claim made by plaintiffs. Its weight, as well as the credibility of the witnesses, was for the determination of the trial court.   The findings and decree of the district court, requiring a reconveyance of the twenty-acre tract of land to plaintiffs, will be affirmed.

*Affirmed.*