GEORGE M. WHETSTONE and ROY T. GALLEMORE v. ANNA P. COSLICK, *et vir.*

157 So. 666.

Division B.

Opinion Filed November 9, 1934.

Petition for Rehearing Denied December 12, 1934.

204

*Huffaker & Edwards,* for Appellants;

*Byron M. Skelton,* and *Wilbur C. Stone,* for Appellees.

BUFORD, J.—The appeal here is from a final decree after testimony taken dismissing the bill of complaint.

On May 19, 1925, Mrs. A. G. Porter entered into a certain land sales contract with one Gallemore and on June 3, June 30 and July 3, 1925, Mrs. Porter entered into like contracts in connection with the sale of certain other lots to one Whetstone. Gallemore and Whetstone are appellants here.

Gallemore and Whetstone each paid large sums of money on the respective contracts between the dates thereof and the first of April, 1926. In March, 1926, both Gallemore and Whetstone discontinued payments on their respective contracts because of the alleged breach thereof by Mrs. Porter. Afterwards they filed suits against her on account of such alleged breach of contract.

On April 1, 1926, the record shows that each of the said contract holders was by reason of such breach on the part of Mrs. Porter the creditor of Mrs. Porter each in the respective sum which he had paid to her under the contract. And it, thereupon, became her legal duty to repay to each the sum which he had paid over to her and each was her creditor in the sum of the amount paid up to that time. The existence of this condition is established by a judgment in favor of Gallemore and a judgment in favor of Whetstone, the records of which are included in the record here. Each sued Mrs. Porter and each recovered judgment against her dated November 25, 1927. The suits were filed against

Mrs. A. G. Coslick, formerly Mrs. A. G. Porter, joined by her husband, George M. Coslick.

At the time the contracts were executed Mrs. Porter was unmarried. Mrs. Porter married Mr. Coslick on June 2, 1926. At the time of her marriage, and prior thereto, Mrs. Porter was the owner of a certain parcel of land. On November 14, 1926, while, as is shown by the record of the judgments herein, she was indebted to Gallemore and to Whetstone, she, joined by her husband, conveyed that certain parcel of land to one Mary McDonough and as consideration for such deed of conveyance Mary McDonough conveyed a certain tract of land described as follows:

"The Northwest Quarter (NW¼) of the Southwest Quarter (SW¼) of Section Ten (10), Township Thirty (30) Range Fifteen (15) less a tract beginning at the Southwest corner of said described land, and run North Six Hundred (600') feet, thence East Six Hundred Sixty (660') feet, thence South Six Hundred (600') feet thence West Six Hundred Sixty (660') feet to point of beginning," to Annie P. Coslick, who is the same person as Mrs. A. G. Porter and Mrs. A. G. Coslick and her husband. She is described throughout the pleading interchangeably as Mrs. A. G. Coslick, Mrs. A. G. Porter and Annie P. Coslick.

The record shows that while the deed was made to Anna P. Coslick and her husband, George M. Coslick, that the conveyance of the property belonging to Anna P. Coslick to Mary McDonough was the sole and entire consideration for the conveyance of the above described property to Anna P. Coslick and George M. Coslick and that George M. Coslick contributed nothing whatever toward the consideration passing for this conveyance. It is clear from the record that the conveyance was so made to Anna P. Coslick and her husband, George M. Coslick, for the purpose of creating an estate by the entireties which could not be reached by the

creditors of Anna P. Coslick. The record further shows that prior to the marriage of Mrs. Porter to Mr. Coslick an ageement was entered into between them by which it was agreed that each should so convey their respective real estate after marriage that it would all be vested in them as estates by the entireties, but the record further shows that this was a sort of unilateral agreement because Mr. Coslick had no real estate to contribute to this laudable purpose. Therefore, Mrs. Coslick was the sole contributor.

The appellants in 1933, learning of these transactions, filed a creditor's bill for the purpose of procuring a decree adjudicating the title which passed from Mary McDonough to Anna P. Coslick and George M. Coslick to have conveyed the title in trust for the benefit of Anna P. Coslick and to impress the lien of the judgment upon that land.

In view of the former decisions of this Court we think it clear that complainants in the court below, appellants here, were entitled to relief prayed. In the case of McGill v. Cockrell, *et al.,* 81 Fla. 463, 88 Sou. Rep. 268, we held that a married woman may be sued at law for breach of her antenuptial contract by joining her husband as defendant, and we also held:

"The antenuptial contract of a married woman is not annulled nor rendered unenforceable by her marriage. Upon the obligation created by contract an action may be brought for a breach of it by her by joining her husband as a defendant and the judgment, if any, is obtained, must be satisfied out of her property."

It will be borne in mind that there is no effort here to annul the conveyance from Mrs. Coslick and her husband to Mary McDonough but the purpose is to impress the lien upon that property which Mary McDonough conveyed in consideration for the conveyance of the other property to her.

In Weathersbee, *et ux.*, v. Dekle, 107 Fla. 517, .145 Sou. 198, we said: "A 'creditor' within the meaning and intent of the statute against fraudulent conveyances (Section 5771 C. G. S., *supra*), and one also as to whom a fraudulent conveyance from husband and wife is expressly declared to be void by Section 5670 C. G. L., 3797 R. G. S., when made to avoid the payment of any legal debt or claim, is not necessarily one who has a demand for money which is due, or running to maturity, or who has an existing cause of action. Whoever has a legal claim or demand of a contractual nature in existence at time when an alleged fraudulent conveyance is made is a 'creditor' within the meaning of the statute against fraudulent conveyances. 122 R. C. L. 492. The holder of a contingent claim is as fully protected by the statute as one that is absolute, and in cases of contingent liability, the liability whenever happening relates back to the date when it was originally incurred. Lyon v. Bolling, 9 Ala. 463, 44 Am. Dec. 444; Cook v. Johnson, 12 N. J. Eq. 51, 72 Am. Dec. 381; Sallaske v. Fletcher, 73 Wash. 593, 132 Pac. 648, Ann. Cas. 1914 D 760, 47 L. R. A. (N. S.) 320; Carr v. Davis, 64 W. Va. 522, 63 S. E. 326, 16 Ann. Cas. 1031, 20 L. R. A. (N. S.) 58; Amos v. Dorroh, 76 Miss. 187, 23 Sou. Rep. 768, 71 A. S. R. 522. See also note in 52 Am. Dec. 117."

The conveyance from Coslick and wife to Mary McDonough was not a voluntary conveyance but the conveyance from Mary McDonough, insofar as it applied to George M. Coslick, was a voluntary conveyance. That is, he received, if the conveyance was valid, a consideration for which he paid nothing.

There was no marriage settlement between the parties which would constitute a valid consideration because there is no evidence in the record which supports that theory. Besides, there is no marriage settlement pleaded in this case.

It is well settled that a trust results from the payment of a purchase price by one and the taking of title in the name of another. Dewhurst, *et al.*, v. Wright, 29 Fla. 223, 10 Sou. 682; Claflin Co. v. King, 56 Fla. 767, 48 Sou. 37; Sorrels v. McNally, 89 Fla. 457, 105 Sou. 106; Booth v. Lenox, 45 Fla. 191, 34 Sou. 566.

In Thompson on Real Property, 1929 Supplement, Sec. 1757, the writer says:

"Estates by Entirety Created at Expense of Husband's Creditors.—Where a husband and wife purchase a piece of real estate on the installment plan and most of the consideration paid therefor is paid after the execution of a note by the husband to a third party and it does not appear that the wife contributed anything toward the payment of the consideration for the real estate the fact that title to real estate was taken by them by the entirety will avail them nothing as it would be a gross injustice to permit a debtor to apply money which should be applied to the payment of his debt to the creation of an estate which would be beyond the reach of his creditors."

See also Lemerise v. Robinson, 241 Mich. 528, 217 N. W. 911.

In Lemerise v. Robinson, *supra,* the Court said: "Lot 16. This lot was purchased in May, 1919, on contract by Albert Jaeger and his wife, Ella. One Hundred Dollars was paid upon the execution of the contract, and $10 a month was paid thereon until May 12, 1924, when the parties received a deed. It will be noted that most of the consideration paid for the lot was paid after the note was given, and it does not appear that the wife contributed anything toward the consideration. In view of this, the fact that they were tenants by the entirety would avail them nothing. Newlove v. Callaghan, 86 Mich. 297, 300, was a similar case, and the court said:

" 'It would be a gross injustice to permit debtors to apply moneys which should be applied to the payment of their debts to the creation of an estate which would be beyond the reach of their creditors. * * * In other words, estates in entirety cannot be created at the expense of creditors, and held in fraud of the latter's right.'

"And defendants could not avoid this conclusion from the fact that they purchased the lot on contract a few months before the husband became obligated on the note. Michigan Bee & Provision Co. v. Coll., 116 Mich. 261. In this case the same point was made, but the court said:

" 'We may properly infer that all of Coll's property is in this land, and that considerable was paid upon the contracts which he should have paid to his creditor, suit being then pending. This was not justified by the fact that he had outstanding contracts, and we think should be no more beyond reach than as though the entire title has passed to the wife, as said in Newlove v. Callaghan.'

"Our conclusion is that lot 16 was not protected from levy by reason of the fact that it was held by Jaeger and his wife as tenants by the entirety."

In Stelle v. Dennis, 104 Fla. 384, 147 Sou. 194, we said:

"When the legal effect of a conveyance is to defraud creditors, no matter what the actual intention may have been, it is fraud in law.

"When a judgment creditor seeks by suit in equity to set aside an alleged fraudulent conveyance and subject the property therein attempted to be conveyed to his judgment, if the judgment debtor had only an equitable title to such property it is necessary to exhaust the legal remedies and have a return of *nulla bona* upon the execution, before filing such bill in equity, but it is otherwise when the judgment debtor had legal title and fraudulently conveyed the same."

The record here establishes the fact that if George M. Coslick took any title at all by the deed from Mary McDonough he took it in trust for the benefit of his wife under a resulting trust and that, therefore, he acquired no beneficial interest in the property. It further appears this conveyance was made for the purpose of putting this property belonging to Mrs. Coslick beyond the reach of her antenuptial creditors.

It appears further that the creditors exhausted their remedy by having executions issued which were returned *nulla bona* and thereupon they filed creditor's bill for the purpose of having this deed cancelled and this particular property subjected to execution as the property of the judgment creditor. They were entitled to the relief prayed. The decree should be reversed with directions that decree be entered in favor of the complainants and such other proceedings be had as law and equity require.

It is so ordered.

Reversed with directions.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.