PER CURIAM.
This appeal was begun as an interlocutory appeal from a post trial motion. After hearing on appellee’s motion to dismiss, this court, acting upon authority of State ex rel. Poe v. Allen, Fla.1967, 196 So.2d 745, ordered that the appeal should proceed as an appeal from the final judgment. F. A. Chastain Construction, Inc. v. Stanford, Fla.App.1970, 232 So.2d 421.
The appellant, F. A. Chastain Construction, Inc., began this litigation with the filing of a creditor’s bill against the ap-pellees. The complaint alleged that the appellant had instituted suit against the appellee, Elliot Stanford, upon three contracts and that the suits were pending in the Civil Court of Record in and for Dade County, Florida. The creditor’s suit prayed that the court set aside certain transfers of real property made by Elliot Stanford to Stratford Demetri. Thereafter, amended complaints in the nature of creditor’s bills were filed and in the last of these the plaintiff is Jack West as trustee in bankruptcy of the estate of Elliot Stanford and Enchanted Lake Homes, Inc., bankrupts, as successor to F. A. Chastain Construction, Inc. This complaint alleged that it was prosecuted on behalf of all the creditors of the named bankrupts. The complaint adopted by reference the allegations of the original complaint as to the indebtedness due F. A. Chastain Construction, Inc. Answers were filed and a final hearing was held. The trial court entered judgment for the defendants and recited in the judgment that the plaintiff had failed to prove: (1) the existence of any creditor at the time of the transfer of the real property involved, (2) that the transfer of the property was without valid consideration.
Appellant presents two points each claiming error upon the respective finding of fact. Under point one he urges that as trustees in bankruptcy, he does not have to prove the existence of a judgment creditor. See Coleman v. Alcock, 272 F.2d 618 (5th Cir. 1959). This is undoubtedly true but the proof of the existence of at least a contingent creditor is required by F.S. § 726.01, F.S.A., and by the case law. See Whetstone v. Coslick, 117 Fla. 203, 207, 157 So. 666, 667 (1934); Weathersbee v. Dekle, 107 Fla. 517, 145 So. 198 (1933); Money v. Powell, Fla.App.1962, 139 So.2d 702.
The second point urges that the trial court erred in finding that the transfer from Elliot Stanford and Enchanted Lake Homes, Inc. was not made with intent to hinder, delay or defraud their creditors. There was evidence from which the court could have found the transfer void but the evidence was controverted by the testimony of the defendants. It is not our function to substitute our determination for that of the trial court.
The appellant having failed to demonstrate error, the judgment is affirmed.
Affirmed.