366 So.2d 77 (1978)
William Warren McCRARY, Appellant,
v.
August L. BOBENHAUSEN, Appellee.
No. JJ-221.
District Court of Appeal of Florida, First District.
December 22, 1978.
Rehearing Denied January 31, 1979.
Anthony F. Marinucci, Jacksonville, for appellant.
David C. Goodman, Donald W. Matthews, Jacksonville, for appellee.
PER CURIAM.
Appellant McCrary purchased, on January 28, 1976, a one-half interest in an income producing property from Charles Boucher and Teresa Boucher, his wife. The warranty deed was recorded on January 29, 1976. At the time of that transaction a law suit was pending by appellee Bobenhausen against the Bouchers. McCrary is not in any manner related to the Bouchers but is a close social acquaintance and was aware of the pending law suit. On April 29, 1976 Bobenhausen recorded a final judgment in the amount of $80,000.00 against the Bouchers. He then filed suit in Circuit Court *78 seeking to set aside the warranty deed from the Bouchers to McCrary, relying upon the fraudulent conveyance statute, F.S. 726.01. Bobenhausen then moved for a summary judgment which was granted, that judgment being the subject of this appeal. There is evidence in the record, by way of affidavit, reflecting that McCrary was a bona fide purchaser for value, having paid a good and valuable consideration for the one-half interest in the property. Not every conveyance of property by one against whom a suit is pending is deemed fraudulent. As was stated in Headley et al. v. Pelham, 366 So.2d 60 (Fla. 1st DCA 1978):
"* * * The burden is upon one alleging fraud to prove it, the presumption being against the existence of fraud. Scott v. Dansby, 334 So.2d 331 (Fla. 1 DCA 1976). Such proof must be by clear and convincing evidence. Middleton v. Plantation Homes, 71 So.2d 503 (Fla. 1954). Whether fraud is present in a particular transaction is to be determined by the particular facts surrounding the conveyance. Stelle v. Dennis, 104 Fla. 384, 140 So. 194 (1932). * * *"
Appellee relies upon Jackson v. Citizens' Bank & Trust Co., 53 Fla. 265, 44 So. 516 (1907), Whetstone v. Coslick, 117 Fla. 203, 157 So. 666 (1934), and Money v. Powell, 139 So.2d 702 (Fla. 2nd DCA 1962). Although the principles of law announced in those cases may well lend comfort to appellee were we here considering an appeal from a final judgment after trial, there is nothing in those cases to support a summary judgment entered on conflicting material evidence. The principles applicable to entry of summary judgments has been heretofore repeatedly announced by this court and no useful purpose will be accomplished by repetition here. (See, for example, Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975).)
We hold that the summary judgment here appealed was prematurely and improvidently entered.
REVERSED AND REMANDED.
McCORD, C.J., and BOYER, J., concur.
MILLS, J., dissents.