593 So.2d 1190 (1992)
Isabel VALDIVIA, Appellant,
v.
Esther Fajardo VALDIVIA, Appellee.
No. 91-1438.
District Court of Appeal of Florida, Third District.
February 18, 1992.
*1191 Raquel Puig Zaldivar; Nancy Schleifer, for appellant.
Lucrecia Granda, for appellee.
Before NESBITT, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Appellant Isabel Valdivia, the ex-wife of decedent, Jose Valdivia, M.D., claims the remainder of her lump sum alimony against his estate. She argues that the only substantial asset owned by the doctor from the time of the couple's 1985 divorce until the doctor's death in 1990 was his successful medical practice, Belo Medical Center, and that this asset was fraudulently conveyed to defeat her claim. Finding appellant had failed to state a cause of action for fraudulent conveyance, the trial court denied her petition to void the conveyance and denied her motion to declare the Center part of the estate. We reverse upon the following analysis.
Appellant's petition alleged that at the time of the dissolution of the couple's long-term marriage, the trial judge made a finding that during the marriage the doctor had developed the Center and had been 100% owner of all Center stock until six years earlier when he transferred 25% of the stock to his friend Esther Fajardo. The court found that the Center provided the doctor with income in excess of $150,000 per year. In its final judgment granting dissolution, the court awarded the remaining 75% interest in the Center to the doctor and awarded appellant lump sum alimony of $250,000 to be paid out in monthly installments. The order provided:
g. The above awards of lump sum alimony shall constitute a claim against the Estate of the Husband....
5. The parties shall forthwith execute any and all documents and take such other actions as may be necessary to accomplish and comply with the terms of this final judgment.
In June 1987, two and one-half years after the divorce decree, and two weeks prior to his marriage to Fajardo, the doctor transferred his interest in the Center to himself and Fajardo, as joint tenants with right of survivorship. In April 1990, several weeks before the doctor's death, Fajardo Valdivia, executed a transfer of the 75% stock interest to herself individually. After the doctor's death, when appellant filed a petition for administration, she alleged that $133,332.96 of the lump sum alimony awarded her remained unpaid. She further alleged that at the time of the transfer to joint tenancy, the doctor was aware of appellant's judgment against him, that the Center was his only significant asset, and that the transfer, if upheld, would result in removing that asset from his estate, thereby leaving insufficient assets for appellant to collect her judgment. She alleged that Fajardo Valdivia, aware that her spouse owed a large debt to appellant, then executed the second transfer as both the Center's president and secretary although she was not president. Appellant alleged that the transfers had taken place in secret and for no consideration, and that the doctor, up to the time of his death, had continued to control the property.
We conclude that the appellant should have been permitted to prosecute her petition *1192 to void the conveyance as fraudulent. She submitted evidence that the lump sum alimony award, while to be paid in periodic installments, constituted a claim against the estate and that the parties were ordered to act in accordance with that decision. Further, Fajardo Valdivia's memoranda to the court in response to the instant petition, admitted that the property was transferred "to take it from the estate."
The law is clear that a debtor may not transfer property owned by himself, individually, to himself and his wife as tenants by the entireties if such a transfer will defraud creditors by putting that property beyond the creditors' reach. Whetstone v. Coslick, 117 Fla. 203, 157 So. 666 (1934); Ferre v. City Nat'l Bank, 548 So.2d 701 (Fla. 3d DCA 1989); see Money v. Powell, 139 So.2d 702 (Fla. 2d DCA 1962). Appellant's petition to void the transaction sufficiently alleged a valid cause of action for fraudulent transfer. Therefore, appellant should have been permitted to go forward with her claim.
Accordingly, we reverse the trial court's order and remand the case to permit appellant to prosecute her petition to void the conveyance.