ROBERT J. LeBEAU, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BARBARA S. MONAHAN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
LeBeau
Docket Nos. 4668-91, 4669-91
United States Tax Court
T.C. Memo 1992-359; 1992 Tax Ct. Memo LEXIS 376; 63 T.C.M. (CCH) 3177; June 23, 1992, Filed *376 Appropriate orders and decisions will be entered. William A. Borja, for petitioners. Steve R. Johnson, for respondent. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on Respondent's Motion for Summary Judgment pursuant to Rule 121. [1] The cases of Robert J. LeBeau, docket No. 4668-91, and Barbara S. Monahan, docket No. 4669-91 (hereinafter petitioners), were consolidated on January 29, 1992. The issues presented are: (1) Whether petitioners are liable, as transferees, to the extent of $ 13,000 plus interest. We hold that they are. (2) Whether respondent is barred by the statute of limitations from assessing and collecting an income tax based on petitioners' transferee liability. We hold that respondent is not barred. Some of the facts have been stipulated and are so found. Petitioner Robert J. *377 LeBeau resided in Virginia Beach, Virginia, when he filed his petition in this case. Petitioner Barbara S. Monahan resided in Clearwater, Florida, when her petition was filed. Stena Arlene LeBeau Mailloux, the decedent, died on November 24, 1984. The decedent's estate selected a fiscal year ending on May 31 for Federal income tax purposes. The estate's Federal income tax return for the year ended May 31, 1986, was due on September 15, 1986, but was not filed until December 22, 1986. The estate's Federal income tax return reported an income tax due of $ 9,130. Of the $ 9,130 income tax liability, only $ 1,276.26 of the tax was paid. After applying the payments, respondent determined that $ 7,853.74 remained unpaid, and this amount (plus additions to tax and interest) was assessed. The assessable amounts thereof were assessed against the estate upon the filing of the return. These amounts remain unpaid, and petitioners do not dispute the $ 9,130 amount reported on the estate income tax return or the $ 7,853.74 balance (plus additions to tax and interest) assessed by respondent. On December 12, 1990, respondent issued statutory notices of liability to each petitioner in which *378 it was determined that an income tax deficiency and liability existed for the estate's fiscal year ending May 31, 1986, in the amount of $ 7,853.74. The statutory notices also set forth an addition to tax under section 6651(a)(1) of $ 1,611.81, an addition to tax under section 6651(a)(2) of $ 1,985.45, interest on the foregoing, and fees and collection costs of $ 12. Pursuant to the estate's plan of distribution, petitioners each received a $ 13,000 cash distribution. The distributions occurred in Florida. After the estate paid various expenses, attorney's fees, and cash distributions, the balance of the estate funds was insufficient to pay the estate's income tax liability for the fiscal year ending May 31, 1986. The notice of liability issued to petitioners determined that they were transferees under section 6901(a)(1)(A) and were therefore liable to the extent of $ 13,000, the amount of the distribution each petitioner received, plus interest as provided by law. Respondent contends that the substantive basis of the liability is the fraudulent conveyance law of Florida, the State in which the distribution occurred. Summary judgment is appropriate "if the pleadings, answers *379 to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The nonmoving party cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Dahlstrom v. Commissioner, 85 T.C. 812, 820-821 (1985). The moving party, however, bears the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In deciding whether to grant summary judgment, we view the factual material and inferences drawn from it in the light most favorable to the party opposing the motion. Naftel v. Commissioner, supra at 529. If there exists any reasonable doubt as to the facts at issue, the motion must be denied. Espinoza v. Commissioner, supra at 416. *380 The first issue we must decide is whether, as a matter of law, petitioners are liable as transferees to the extent of the $ 13,000 distribution they each received (plus interest as provided by law). For purposes of transferee liability under section 6901, a distributee receiving a distribution from a decedent's estate is a transferee. Sec. 6901(h). In the instant case, each petitioner received a $ 13,000 cash distribution from the decedent's estate in the latter part of 1985, which was within the estate's taxable year ending May 31, 1986. Therefore, petitioners are transferees for purposes of section 6901(a)(1)(A). Section 6901 is purely procedural and provides that the liability of the transferee may be assessed in the same manner, and subject to the same provisions and limitations as the liability of the transferor-taxpayer. Sec. 6901(a). However, the existence and extent of transferee liability are issues to be determined according to State law. Commissioner v. Stern, 357 U.S. 39, 45 (1958). The liability of the transferee is determined by the law of the State in which the transfer occurred. Commissioner v. Stern, 357 U.S. at 42-44. *381 In the instant case, the substantive basis of petitioners' liability, respondent asserts, is the fraudulent conveyance law of Florida, the State in which the transfers occurred. The Florida fraudulent conveyance statute is Florida Statute section 726.01 (effective for transfers made before January 1, 1988). In Florida, a conveyance may be fraudulent either actually or constructively. In this case, respondent relies on the theory that the transfers were constructively fraudulent. Constructive fraud requires no demonstration of bad faith or evil motive. Instead, the relevant inquiry is whether the effect of the conveyance was to hinder or delay the creditor. In re Trinity Baptist Church of Bradenton, Florida, Inc., 25 Bankr. 529, 532 (Bankr. M.D. Fla. 1982). In that case, the court stated: An evil motive is not required in order to set aside a transfer. When the legal effect of conveyance is to delay or hinder creditors, it is fraud in law regardless of the actual intent of the debtor. McKeown v. Allen, 37 Fla. 490, 20 So. 556 (1896); Whetstone v. Coslick, 117 Fla. 203, 157 So. 666 (1934); *382 Livesay Industries, Inc. v. Livesay Window Co., 305 F.2d 934 (5th Cir. 1962). In the instant case, the distributions made to petitioners pursuant to the plan of distribution rendered the transferor-estate incapable of paying its income tax liability. After the distributions were made, the estate had only $ 1,100.76 to apply towards the payment of Federal income taxes. That being the case, it is clear that the effect of the distributions was to delay or hinder respondent as a creditor of the estate. Thus, the distributions were constructively fraudulent and give rise to transferee liability under Florida law. The amount of the transferee's liability is limited to the lesser of the amount of the transferor's liabilities or the amount transferred to the transferee, plus any allowable interest. Yagoda v. Commissioner, 39 T.C. 170, 185 (1962), affd. 331 F.2d 485 (2d Cir. 1964). The parties agree that the estate's liability for income tax, additions to tax, and interest exceeds the $ 13,000 amount transferred to each transferee. Therefore, each petitioner's liability as a transferee is limited to $ 13,000 plus allowable interest. *383 The existence and the extent of the interest liability of a transferee from the date of the transfer until the date a notice of liability is issued to the transferee, in the situation where the transferee receives assets insufficient to satisfy the transferor's tax liabilities, is determined by State law. Patterson v. Sims, 281 F.2d 577 (5th Cir. 1960); Estate of Stein v. Commissioner, 37 T.C. 945, 961 (1962). Florida gives respondent the right to statutory interest on petitioners' liability. Crews v. Commissioner, T.C. Memo. 1988-462; Borg v. Commissioner, T.C. Memo. 1987-596; Stone v. Commissioner, T.C. Memo. 1985-405. Under Florida law, prejudgment interest is allowed in cases involving a liquidated claim. Town of Longboat Key v. Car E. Widell & Son, 362 So.2d 719, 723 (Fla. Dist. Ct. App. 1978). In Bergen Brunswig Corp. v. State Department of Health and Rehabilitative Services, 415 So.2d 765, 767 (Fla. Dist. Ct. App. 1982), a Florida appellate court held that "a claim becomes liquidated and susceptible of prejudgment interest when a *384 verdict has the effect of fixing damages as of a prior date." In the instant case, petitioners received a distribution in the latter part of 1985. At that time, the transferor-estate's liability was not yet determinable. However, respondent's claim against the estate arose on September 15, 1986, the due date for filing the return and paying the estate income tax for the year ending May 31, 1986. Therefore, respondent's claim was a liquidated claim as of September 15, 1986. Accordingly, petitioners are liable for interest from the due date of the estate income tax return until the date the notice of liability was issued at the rate of 12 percent as prescribed by Fla. Stat. sec. 55.03. Prejudgment interest awarded under State law stops accruing upon the date of the statutory notice of liability. Interest accruing after the issuance of the notice of liability in the instant situation is a matter of Federal law, to be determined in accordance with the provisions of the Internal Revenue Code. Estate of Stein v. Commissioner, supra; Crews v. Commissioner, supra; Borg v. Commissioner, supra. Therefore, petitioners *385 are liable for the interest accruing subsequent to the issuance of the notice of liability at the rates prevailing under section 6621. The next issue for consideration is whether respondent is barred by the statute of limitations from assessing and collecting an income tax based on petitioners' transferee liability. The transferor-estate income tax return was filed on December 22, 1986. Therefore, the limitations period for assessment for the estate's income tax return did not expire until December 22, 1989. Sec. 6501(a). Respondent timely assessed the transferor-estate's income tax liability for 1986. The period of limitations for assessment of a transferee's liability expires 1 year after the expiration of the period of limitations for assessment against the transferor. Sec. 6901(c)(1). In the instant case, the limitations period for each petitioner did not expire until December 22, 1990. Respondent issued a notice of liability to each petitioner on December 12, 1990. Such issuance suspended the running of the period of limitations for assessment. Sec. 6901(f). Therefore, we hold that respondent is not barred by the statute of limitations from assessing an income tax *386 against each petitioner based on their transferee liability. We have decided all of the issues raised in respondent's summary judgment motion in favor of respondent as a matter of law. Because there are no genuine issues of material fact remaining for trial, we will grant respondent's motion for summary judgment in its entirety. Appropriate orders and decisions will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 in effect for the taxable year at issue.↩