BRYAN DUNWOODY, I. H. AIKEN, MARY E. BAARS, AND H.
    BAARS, HER HUSBAND, PLAINTIFFS IN ERROR, V. E. E.
    SAUNDERS, DEFENDANT IN ERROR.

1.  Where the owners of a barge place thereon a master, who
    was charged by them to have the barge loaded in a cer-
    tain way and the loss was occasioned by the manner of
    loading, the bailees are not liable for the loss under the
    ordinary terms of bailment.

2.  Instructions should be confined to the issues raised by the
    pleadings.

3.  It is error to charge that a general agent has no authority
    to enlarge the usual contract of bailment so as to make
    his principal an insurer of the thing bailed  during  the
    term, if the thing be needed for his principal's business
    and can be had on no other conditions.

This case was decided by Division A.

Writ of  Error to the  Circuit  Court for  Escambia
County.

The facts in the case are stated in the opinion of the
Court.

*Avery & Avery,* for Plaintiffs in Error.

*Blount & Blount,* for Defendant in Error.

COCKRELL, J.  The plaintiffs in error, as plaintiffs be-
low, sued for the loss and hire of a barge or lighter.  The
declaration consisted of three counts, the first an ordinary
count in bailment for the loss through the alleged negli-
gence of a bailee for hire; the second count  alleged  a
special contract whereby the bailee became an insurer of

the barge, and the third count was for the rental value of the lighter between the hiring and the loss. There was verdict and judgment on the last count alone, and to the judgment the plaintiffs sued out this writ of error.

No question is raised here on the pleadings, all assignments of error therein being expressly abandoned, and the only assignments, in view of the disposition of the case, that we shall consider, are those based upon certain instructions given, modified or refused.

The barge was hired for the purpose of being towed from Pensacola to St. Andrews Bay and there receive on board a cargo of lumber, when it was to be towed back with such cargo to Pensacola by the defendant's tug boat, and there was evidence that the owners of the barge placed thereon a master with direction to see to it that the barge was loaded in a certain way and that this manner of loading caused its loss. Under the first count the plaintiffs asked an instruction to the effect that if the manner of loading was such as to make it obvious to the master of defendant's "Tug" that it would be perilous to take the lighter to sea, such taking would be an act of negligence entitling a recovery. The charge as requested was refused, but was given with the modification, that if the loading was done under the direction and control of the master of the barge, who was kept on board by the plaintiffs and vested with the control and direction of the loading, and the loading under his direction was in a way that was unsafe and perilous, the plaintiffs would be bound by his act.

The modification was proper. The act of the master of the barge was the act of the owners, and they should not be heard to complain of a loss directly and voluntarily brought on themselves; it would be their negligence that

caused the loss rather than the negligence of the bailee. If for example, I should hire a team from a livery stable, and it is injured by reason solely of an obvious defect in the harness, and in spite of all skill and care on my part in the management of the team, there could be no possible liability on my part to the livery man, whatever might be my liability to third persons. If, however, subsequent to the delivery of the team to me, there should be further breakage, or should further defects appear, it might then be my duty to take the ordinary usual precautions that might be available to repair these defects, even to the extent of abandoning the use of the team altogether; this seems to be the principle upon which the Supreme Court of Alabama, in Higman v. Camody, 112 Ala. 267, 20 South. Rep. 480, held the bailee liable.

The defendant will not be held guilty of negligence and liable for 'such to the bailors, because he took the lighter endangered by the bailors' own act.

This argument is conclusive also on the charge as applicable to the first count upon which the ninth assignment is predicated, and as to the second count, it is directly responsive to the issues made by the pleadings. As before stated the sufficiency of these issues as matters of law is not presented to us and we do not feel disposed to enter upon an independent investigation of them.

The instruction, the refusal of which is the basis for the seventh assignment of error, sought to present issues not raised by the pleadings and was properly refused.

The court erred in giving this charge. "If you find that Hyer had authority from the defendant to hire the barge 'Brainard' for the trip from Pensacola to St. Andrews and return, yet the existence of such power would not authorize him to bind the defendant by a contract that

the barge during the possession of her under such hiring, should be at the risk of the defendant." The defendant in error asserts that this instruction "was intended to present boldly to the jury the assertion that there was no evidence to show that Hyer had the power or that the plaintiffs had the right to rely on his having the power to bind the defendant by a contract that the barge during bailment should be at defendant's risk." We shall accept this interpretation of the charge.

There was evidence from which we can legitimately infer that Hyer, who alone participated in the transaction on behalf of the bailee, was at the time acting as his general agent in the barge and tow boat business, though Saunders had other lines of business not represented by Hyer; and further that subsequent to the loss of the barge when Hyer was charged with having made the contract, Saunders though present, did not deny his authority. There was no proof of custom or usage or previous dealings, or that the bailors had knowledge of any limitations upon the agent's apparent authority. While a general agent's authority is confined to such transactions and concerns as are incident and appurtenant to the business of his principal and to that branch of his business that is entrusted to his care, yet within these limits the principal is bound. Mechem on Agency, Secs. 286-7. The same authority says: "Where the agent is authorized to transact all the principal's business of a certain kind, the very breadth of the employment and variety of the duties to be performed necessarily involve more or less of discretion and choice of methods, and render impracticable, if not impossible, much of particularity, or precision, either as to the exact means and method to be employed, or as to the scope or extent of the authority itself. Where so little is expressed, more may well be implied. The fact

of such an authority, of itself, presupposes a general confidence bestowed upon the agent, and a general committal to his discretion and judgment of all beyond the essential objects to be attained and the outlines of the course to be pursued. It may not unreasonably be presumed, where nothing is indicated to the contrary, that such an agent possesses those powers which are commensurate with his undertaking, and which are usually and properly exercised by other similar agents under like circumstances. This presumption may well be and is constantly relied upon by persons dealing with such agents, and so reasonable, proper and necessary is this reliance, that it may justly be required that if the principal would impose unusual restrictions upon the authority of such an agent, he should make them known to persons who may have occasion to deal with the agent."

For the purpose of conducting this business over which he had general charge, should the circumstances arise, rendering such a course necessary, we see no limitation upon his power from the facts disclosed here, to buy a barge outright and bind his principal thereby; much less are there limitations upon his power to buy the barge for the limited time required for the performance of this contract, since, as it may be gathered from the evidence, these were the only terms upon which he could secure it.

The question of the scope of the authority of an agent is generally one of fact or of mixed law and fact, and therefore under our system that prohibits charges upon the facts such question is best left to the determination of a jury under general instructions for its guidance. Other and different facts may be evidenced on another trial and we refrain therefore from any further expression of our views.

It is unnecessary to discuss the form or effect of the verdict.

For the error pointed out the judgment is reversed at the cost of the defendant in error and a new trial awarded.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.