THOMAS, Justice.
This litigation grew out of transactions among members of the same family.
Louis Kaufman on 13 July 1953 deeded to his brother, Harry Kaufman, appellant, certain land for $30,000, one-third of which was paid in cash. The remaining $20,000 was represented by a promissory note, drawing no interest, secured by a mortgage.
Soon afterward the mortgagee died leaving a will by which he bequeathed the mortgage and note to his son, Alden Kaufman, *802 nephew of the appellant, Harry Kaufman. Then 23 January 1954, Alden Kaufman for a valuable consideration assigned to his sister, Myrna, appellee, a $9,000-interest in the $20,000 note and mortgage. A year or so later the maker of the note made a payment to Myrna reducing her interest to $7,170.
Evidently the discovery, late in 1953, that Louis Kaufman owned only a half-interest in the land he had conveyed resulted in some negotiation with reference to adjustment of the debt and Alden Kaufman eventually agreed to cancel it upon payment of $9,500, check for which he accepted in June 1955. From this amount he was to pay his sister’s part in full and retain the remainder in satisfaction of his part. On the check appeared the notation “For Release of Mortgage.” He cashed the check and, according to appellants’ version, he offered his sister her share but she refused it because it did not seem to her right that her brother was receiving so little. Parenthetically, the appellee contends that no proper tender to her was ever made.
So, although Alden Kaufman actually held the note, his sister’s interest had been recognized by the maker when the first payment was made reducing her interest to $7,-170. The sister, appellee, brought this suit in foreclosure to recover that sum of money and the chancellor finally awarded her a decree requiring its payment with costs, fees and so on, or the sale of the entire property to satisfy the debt to her, though but a half-interest was owned by the grantor and, hence, the mortgagor.
The appellants take the position that an accord and satisfaction had been accomplished and that, therefore, entry of the decree was erroneous. Even if that defense would have been appropriate to the facts, if was not pleaded, nor does it appear from the record that the parties expressly or impliedly consented to a trial of the issue such a defense would have raised. Rule 1.15(b), 1954 Rules of Civil Procedure, 30 F.S.A.
The appellants reason that inasmuch as Alden Kaufman was holder of the note at all times relevant to this dispute, had accepted a reduced amount because the maker had received only a one-half interest in the property for which the note was given, and had offered his sister sufficient money to discharge her interest in full, the maker, appellant, Harry Kaufman, was relieved of any further liability for the debt. They contend that Alden Kaufman, the holder, was acting as his sister’s trustee and agent when he accepted the check in settlement of the debt and disposed of the proceeds. They concede that a maker having knowledge that a third party has an interest in the note he has signed “cannot make a compromise settlement of the obligation with the holder” which will reduce the amount payable to the third party.
In short, the appellants insist that the maker had a perfect right to treat with the holder alone; that when the holder accepted the check we have described, the debt was extinguished; and that when the appel-lee declined the amount tendered by her brother, she could not revive the debt and foreclose to collect it.
But the situation is not as simple as that. Not only did the appellant, Harry Kaufman, recognize the rights of the appellee by making a payment to her, or her attorney, reducing her interest to $7,170 but at the time the holder, Alden Kaufman had executed to his sister a formal assignment of a $9,000-share in the mortgage securing the note. It may be that the appellee could have become estopped by declining a valid tender, by her brother, of the full amount of her interest under the mortgage but we do not pursue this phase of the case for the reason that evidence of such a tender and refusal is so inconclusive that the chancellor was justified in deciding that it did not occur.
Nor is testimony about the circumstances surrounding delivery of the check for $9,500 to Alden Kaufman satisfactory. Doubtless it was intended, because *803 of the notation, that the check would discharge the mortgage indebtedness but at that time the appellant, Harry Kaufman, was well aware of the outstanding interest of his niece and, indeed, had treated directly with her, as we have said, by making a substantial payment in reduction of her interest. In such case to be certain that his debt to her as well as her brother was discharged, it was incumbent upon him to deal with her in accordance with the precedent he himself had set and not ignore her in the attempted settlement. Scott v. Taylor, 63 Fla. 612, 58 So. 30. We are not aware of any evidence that the appellee ever agreed to the overall settlement.
Alden Kaufman later acknowledged in an assignment of the mortgage to his sister that he had been fully paid and stated that one-half the indebtedness, the part owned by his sister, was outstanding.
We will not elaborate on the ethics involved when Alden Kaufman cashed the check and pocketed the money or the carelessness of Harry Kaufman in dealing with his nephew to the exclusion of his niece. But from a study of the record and the governing law, we conclude that the chancellor cannot be said to have erred when upon testimony he chose to believe he decided that the appellee held an enforceable mortgage securing her share of the original debt. And we believe that the pleadings and evidence in the record do not obligate us to ■explore and expound the law on accord and satisfaction.
Nor are we obliged to delve into the matter of partial failure of consideration mentioned in the counterclaim because of the manner of presenting the subject in this court. The appellants simply state in a footnote of their brief that “[t]he absence of argument on the defense of partial failure of consideration is not intended as an abandonment” but is “due to the fact that the record is void of any admissible evidence that rebuts the documentary evidence introduced at the trial * * * which clearly demonstrates the partial failure of consideration.” Such an offhand reference does not properly present for determination by this court the propriety of any ruling the chancellor may have made on this phase of the controversy.
We note that the chancellor ordered the property sold in its entirety when the mortgagor owned but a half-interest in it.
The decree is affirmed with directions, however, to revise it so that it will contain a provision for sale only of the undivided half-interest of the appellants.
TERRELL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.