**In re William G. KRANICH, Jr., and Duval Financial Corp., Debtors.**

**Lawrence S. KLEINFELD, Trustee Plaintiff**

v.

**SUN LAND PROPERTIES, INC., William G. Kranich, III and June Elizabeth Kranich, Defendants.**

**Bankruptcy No. 81–2105. Adv. No. 83–461.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 11, 1985.

**822**

Jere M. Fishback, St. Petersburg, Fla., for plaintiff.

Patti W. Massari, Tampa, Fla., for defendants, June Elizabeth Kranich and William G. Kranich, Jr.

James L. Berfield, Clearwater, Fla., for defendant, Sunland Properties, Inc.

## MEMORANDUM OPINION IN RE: MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Summary Judgment, filed by Lawrence S. Kleinfeld, (Trustee). The Motion is filed in the above-captioned adversary proceeding, filed by the Trustee against Sun Land Properties, Inc. (Sun Land), William G. Kranich, III (WGK III) and June Elizabeth Kranich (JEK), son and daughter of William G. Kranich, Jr. The claim of the Trustee is based on the contention by William J. Kranich, Jr. and Duval Financial Corporation, two Debtors involved in Chapter 7 cases, were participants in a fraudulent transfer of certain property, according to the Trustee should be set aside under § 544 of the Bankruptcy Code. It is the Trustee's contention that there are no genuine issues of material facts and he is entitled to a judgment as a matter of law. The Defendant, Sun Land, also filed a Motion for Summary Judgment and also contends that there are no genuine issues of material fact and Sun Land is entitled to a judgment as a matter of law.

The record of this case reveals the following facts germane to the resolution of the issues raised by the Complaint of the Trustee and by the respective responses filed by the Defendants:

On November 10, 1981, William G. Kranich, Jr. (Kranich, Jr.) filed a Voluntary Petition for Relief under Chapter 7. Duval Financial Corporation (DFC) also filed its Voluntary Petition for Relief under Chapter 7 on January 6, 1982. Shortly thereafter, this Court entered an Order and consolidated the administration of the cases of Kranich, Jr. with the case of DFC. The Trustee is the duly appointed and functioning Trustee for both estates.

At the time relevant to this controversy Kranich, Jr. was Chief Executive and principal stockholder of DFC. Prior to the commencement of these two Chapter 7 cases, Kranich, Jr. conveyed his personal residence, referred to in the record as "South Haven", located in Clearwater, Florida to DFC. This transfer was admittedly wholly without any consideration. Shortly thereafter, DFC transferred the South Haven property to WJK III and to JEK, the son and daughter of Kranich, Jr. The deed from DFC to the children of the Debtor conveyed the property to them as tenants in common, and it was wholly without any consideration, just as the conveyance from Kranich, Jr. to DFC.

It further appears from the record and it is without dispute that at the time relevant

to these transactions, Kranich, Jr. was also a 50% stockholder of a corporation known as Duval Realty Corporation (DRC). Shortly after the conveyance by DFC to the children of the Debtor, DRC purchased a parcel of land located on Ulmerton Road in Clearwater, Florida from Sun Land. As partial consideration for the sale, Sun Land was granted a mortgage securing a principal indebtedness in the amount of $100,000, not on the property purchased by DRC, but on the South Haven property which, at that time, was owned by the children of the Debtor. Even though, as noted earlier, the South Haven property was not owned by Kranich, Jr., the mortgage granted to Sun Land was signed by him. While it is without dispute that neither of the children knew anything about the execution of this mortgage, it is without dispute that the Debtor obtained a general power of attorney from his son.

Based on these facts it is the Trustee's contention that since these facts are without dispute, there is sufficient basis to grant the relief sought, that is, to enter a summary judgment in favor of the Trustee, declaring the conveyance from the Debtor to DFC and the conveyance from DFC to the children null and void as fraudulent, thus voidable under § 544(b) of the Bankruptcy Code. Sun Land contends that is a bonafide purchaser for value and therefore, the mortgage on the South Haven property is not subject to attack and shall be upheld as valid, securing the $100,000 indebtedness of DRC.

The claim of the Trustee is based on § 544(b) of the Bankruptcy Code, which, in pertinent parts, provides as follows:

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of this title or that is not allowable only under § 502(e) of this title.

The applicable law relied on by the Trustee is Fla. Statute 726.01 which provides, inter alia, that every conveyance or transfer of property made with intent to delay, hinder or defraud creditors is void and of no effect. Intent to defraud within the meaning of the statute is the Debtor's intention to prevent his creditors from satisfying their debts. *Wimmers v. Blackborn*, 151 Fla. 236, 9 So.2d 505 (1942). The intent must exist at the time of the transfer which is under attack. *Bay View Estates Corp. v. Southerland*, 114 Fla. 635, 154 So. 894 (1934). However, when the legal effect of the conveyance is to delay or hinder creditors, it is fraud in law regardless of the actual motives of the Debtor. *Whetstone v. Coslick*, 117 Fla. 203, 157 So. 666 (1934); *Livesay Industries, Inc. v. Window Co.*, 305 F.2d 934 (5th Cir.1962); *In re Total Acquisition Corp.* 29 B.R. 836 (Bankr.S.D.Fla.1953).

Certain facts and circumstances have been recognized as indicia or "badges" of fraud. The Florida Supreme Court in *Cleveland Trust Company v. Foster*, 93 So.2d 112 (Fla.1957) listed the most important indicators of fraud as follows:

(a) Relationship between the debtor and the transferee.

(b) Lack of consideration for the conveyance.

(c) Insolvency or indebtedness of the debtor.

(d) The transfer of the debtor's entire estate.

(e) Reservation of benefits, control or dominion by the debtor.

(f) Secrecy or concealment of the transaction.

(g) Pendency or threat of litigation at the time of the transfer.

Each of the above-mentioned badges of fraud has evidentiary force in establishing the fraudulent character of a transfer. Although the badges of fraud may not be conclusive to establish fraud when considered separately, if they exist in combination, they "may by their number and joint consideration be sufficient to constitute conclusive proof" of fraud. *Florida National Bank of Gainesville v. Sherouse*, 80 Fla. 405, 86 So. 279 (1920).

■ Applying the foregoing factors to the undisputed facts, this Court is satisfied that the transfer from DFC to the children of the Debtors was fraudulent. This transfer was wholly without any consideration, just as the transfer from the Debtor to DFC. In addition, while the children of the Debtor actually received the property from DFC, the fact that the Debtor was the sole stockholder of DFC and the transfer to the children occurred shortly thereafter, clearly establishes a close relationship between the Debtor and the ultimate transferees, i.e. the children and leaves no doubt that DFC was merely a conduit for the transfer, used only to lend a semblance of legitimacy for these transfers. Also, although there is no recorded reservation of control or dominion over the property by the Debtor, the fact that he granted a mortgage on the property in order to acquire a separate parcel of property for a corporation of which he owned 50%, shows that he did in fact exercise control over the property, even after it was transferred by DFC.

Based upon the foregoing, it is clear that the transfer must be set aside. While each of the above set forth facts alone may not warrant such a conclusion, when taken in combination they are sufficient to constitute conclusive proof of fraud.

The next matter for consideration is the Trustee's prayer that this Court invalidate the mortgage in favor of Sun Land Properties, Inc. as fraudulent. The basis of the Trustee's claim is that the mortgage is invalid because it was not signed personally by Kranich, III, the son, or by an agent of Kranich, III, who was authorized to execute the mortgage.

As stated above, the mortgage was not signed by Kranich, III, but by the Debtor, who claims to have done so on his son's behalf and he was authorized to execute the mortgage pursuant to a power of attorney signed by his son. The Court has considered the Power of Attorney and finds that it does not contain specific language authorizing Kranich, Jr. to mortgage property owned by Kranich, III.

■ Under Florida law, a power of attorney is insufficient to authorize an agent to transfer an interest in property unless the power of attorney specifically authorizes the holder of the power to make such a transfer. *Bloom v. Weiser*, 348 So.2d 651 (Fla. 3d DCA 1977); *Dunwoody v. Saunders*, 50 Fla. 202, 39 So. 965 (1905); *First National Bank v. Kirkby*, 43 Fla. 376, 32 So. 881 (1901). Inasmuch as the power of attorney executed by Kranich, III lacked the specific language necessary to authorize the Debtor to execute the mortgage, the mortgage to Sun Land is invalid as to the interest of Kranich, III.

■ With respect to the interest of J.E. Kranich, the daughter, however, the mortgage is valid. The mortgage was signed by her while she was record title holder of South Haven as tenant in common and therefore, the mortgage is valid to the extent of her interest in the property. The mortgage, however, covers no rights or interest other than those which the mortgagor has. 36 Fla.Jur.2d § 21 Mortgages, Etc. (1982). A mortgage given by one whose interest is less than the whole estate is a valid encumberance only to the extent of that interest *Kaufman v. Bernstein*, 100 So.2d 801 (Fla.1958). There appears to be nothing in the public record which would have put Sun Land on notice that the transfer to J.E. Kranich was fraudulent and thus, Sun Land as mortgagee, is a bonafide purchaser for value (BFP) and as such, has a valid lien on the subject property. 37 Fla.Jur.2d § 122 Mortgages (1982).

Inasmuch as Sun Land enjoys the status of a BFP whose interest is prior in time to that of the Trustee, its mortgage is valid but encumbers only a one-half undivided interest in the South Haven property.

A separate final judgment will be entered in accordance with the foregoing.