DONIE WILLIAMS as Administratrix of the Estate of T. F. Williams, deceased, *Appellant,* vs. MARIAN A. MCADOW, in her own right and as Administratrix of the Estate of P. W. McAdow, deceased, *Appellee.*

137 So. 891.

Division B.

Opinion filed November 23, 1931.

*W. D. Bell,* of Arcadia, and *J. H. Hancock,* of Punta Gorda, for Appellant;

*C. A. Waltmire,* of Punta Gorda, and *Mabry, Reaves & White,* of Tampa, for Appellee.

DAVIS, J.—The intestate of the appellant (T. F. Williams) as complainant below, filed his bill against the defendant, Marian A. McAdow, in her own right and as administratrix of the estate of her deceased husband, P. W. McAdow. The object of the suit was to declare and enforce a trust with regard to certain shares of stock alleged to have been placed with P. W. McAdow, in his lifetime, as security for the performance of certain undertakings by one M. V. Williams, a brother of T. F. Williams. The same case has been once before considered by this Court on an appeal taken from an order overruling a demurrer to the bill of complaint, which order was affirmed without opinion. See McAdow vs. Williams, 92 Fla. 13, 109 Sou. Rep. 263, decided June 12, 1926. Upon remand of the case to the court below, an answer was filed which denied in substance all the allegations of the bill and upon the issues made, voluminous testimony was taken before a special master. The Chancellor entered a final decree holding that the complainant has failed to make out her case by the required proof and dismissed the bill on its merits. The appeal here is from that decree.

The alleged trust which forms the basis of the suit is asserted by the complainant to have been created in 1914. The bill of complaint was filed about nine years later on January 15, 1923. In the meantime the alleged trustee, P. W. McAdow died. This was in July, 1918, and about five years before the bringing of the suit with reference to the alleged non performance by McAdow of the undertaking on his part with reference to the shares of stock

in controversy. If the version of the transaction as testified to by the complainant himself, T. F. Williams, is true, the suit could well have been brought and maintained in the lifetime of McAdow, who was the party sought to be charged with the trust responsibility. The trust was attempted to be shown by parole testimony, which is required to be clear and convincing in a case of this kind, a burden which the Chancellor in his decree affirmatively held that the complainant did not sustain.

Even though the previous decision of this Court on the demurrer to the bill established the law of the case to the effect that there was not such laches on the face of the complainant's own pleading as to preclude relief, it is nevertheless true that Courts of equity view with disfavor suits brought long after the transactions in issue have occurred, and long after death has closed the lips of those familiar with the occurrences remote in point of time, as they are here. See Citizens State Bank vs. Jones, 100 Fla. 1492, 131 Sou. Rep. 369. The Chancellor was not convinced of the justice of complainant's claim and our review of the testimony and documentary evidence in the record impresses us that his conclusions cannot properly be disturbed by reversing his findings against the party who had the burden of proof, so the decree must be affirmed.

Decree affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.