LUCY RUBIN v. LENA H. LIPPMAN, a widow.

156 So. 907.

Division A.

Opinion Filed October 8, 1934.

*Milam, McIlvaine & Milam,* for Appellant;

*Joseph M. Glickstein* and *George C. Bedell* for Appellee.

DAVIS, C. J.—A mortgage contained the following clause:

"It is understood and agreed between the parties hereto that there are now mortgages on said land aggregating approximately the sum of One Hundred Fifty Thousand ($150,000.00) Dollars.

"It is covenanted and agreed between the parties hereto that the mortgagors may renew or extend the present outstanding mortgages or execute an additional mortgage or mortgages, provided, however, that the total principal of such mortgages shall not exceed the sum of $150,000.00, and this mortgage shall be junior to all such mortgages, not to exceed the said principal sum of $150,000.00.

"During the existence of this mortgage, the signature of the mortgagee shall not be required to make this mortgage a junior lien to such mortgage or mortgages not to exceed said principal sum of One Hundred Fifty Thousand ($150,000.00) Dollars."

When foreclosure proceedings were instituted against the mortgagors on the above mortgage, Mrs. Lucy Rubin, the mortgagor's wife, attempted to set up an alleged subsequent incumbrance to her, executed after foreclosure began, as a superior lien to the mortgage being foreclosed, in view of the above subordination clause contained in the mortgage sued on. The Chancellor rejected her claim, by striking it from the wife's answer. That order is the subject of the present appeal. Other portion of the answer setting up alleged fraud, duress and misrepresentation in the making of the mortgage wherein the appellant joined to release her dower, were stricken by the same order.

Our conclusion is that the clause in the mortgage being foreclosed, as above quoted, contemplated only replacement mortgages or new mortgages in the nature of replacement mortgages. On July 15, 1931, after the foreclosure suit had been instituted on June 11, 1931, a note and mortgage for $20,000.00 was executed by Max Rubin to his wife, Lucy Rubin, purporting to be a mortgage on the same property being foreclosed on in this case. This latter mortgage was pleaded by the wife as being a prior lien under the terms of the clause hereinbefore quoted, but the claim was not allowed by the Chancellor. We think the construction of this transaction adopted by the Circuit Judge was correct, and that the $20,000.00 mortgage executed by Max Rubin to his wife, Lucy Rubin, after the foreclosure suit began, was not within the purpose or intent of the subordination clause contained in the mortgage being foreclosed, as it was neither a replacement mortgage nor a mortgage in the nature of a replacement mortgage.

The particular portions of the answer attempting to set up fraud, duress and misrepresentations directed against appellant by. a person now dead, in order to induce her to join in her husband's mortgage to him, and to release her dower in the mortgaged property, that were stricken by the order appealed from, nevertheless left in the answer all material averments that the wife could legally plead in her defense under the circumstances disclosed. So no error was committed in the elimination of the particular allegations that have been stricken.

Courts of equity view with disfavor claims asserted attacking the integrity of written instruments long after death has closed the lips of a party or witness hereto familiar with the occurrences-alleged remote in point of time, and a very clear and convincing showing of fraud is required

to be pleaded where the party charged with the fraud is dead. Green v. First Nat. Bank, 85 Fla. 51, 95 Sou. Rep. 231; Williams v. McAdow, 103 Fla. 644, 137 Sou. Rep. 891.

Finding no error we must affirm the interlocutory order appealed from.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.