**H. N. WIMMERS, as Receiver of B. L. E. Realty Corporation, et al., v. MARY M. BLACKBURN, joined by her husband, and next friend, A. E. BLACKBURN.**

9 So. (2nd) 505 Division A

July 28, 1942 Rehearing Denied September 15, 1942

John F. Burket, for appellants.

N. G. & John Fite Robertson and Paul C. Albritton, for appellees.

ADAMS, J.:

This is an appeal from final decree in favor of plaintiff based on a creditor's bill.

This whole controversy involves an undertaking by the Brotherhood of Locomotive Engineers, an unincorporated association, to purchase a large tract of land and develop the town of Venice, back in 1925. To carry out this undertaking a corporation was formed by the name of B. L. E. Realty Corporation. Purchases were made by the corporation and obligations incurred. When the boom collapsed, judgments were recovered against the corporation on the aforesaid obligations. In the meantime the corporation had divested itself of its assets. The theory of plaintiff is that the Brotherhood of Locomotive Engineer has, at all times, been the real owner of the property in controversy; that the Brotherhood of Locomotive Engineers has manipulated numerous transfers of property into and out of corporations organized only, to serve the purpose of hindering and defrauding creditors of the B. L. E. Realty Corporation.

It is urged by defendant that plaintiff acquired the judgment relied upon by her, subsequent to the alleged fraudulent transfers and for that reason she cannot complain. Cited in support of its contention is Bay View Estates Corporation v. Southerland, 114 Fla. 635, 154 So. 894. We cannot put the desired construction on the opinion in Bay View Estates case. The opinion is based on a citation in 20 Cyc. 345 and 2 Kent's Com. 440, which holds that to constitute a fraudulent conveyance there must be a creditor to be defrauded, a debtor intending fraud and a conveyance of property subject by law to the debt. Intent to defraud in contemplation of law does not mean merely malice or ill will toward the person who happens to own the judgment or obligation. The fraud con-

demned in equity is the design of a debtor to prevent his creditor from satisfying his debt. It frequently happens that the owner of a debt changes, either voluntarily or involuntarily, by operation of law. See 24 Am. Jur. Fraudulent Conveyances, Sec. 141, et seq., and Yeena v. Weeks, 104 Ala. 331, 16 So. 165.

It may be observed here however that the original creditors have retained a real and beneficial interest in the judgments, which brings us to defendant's next claim that plaintiff is suing as trustee and her proof of the trust relationship is not clear and unequivocal as enunciated by this Court in Hill v. Beacham, et al., 79 Fla. 430, 85 So. 147; Williams as Admx. v. McAdow, 103 Fla. 644, 137 So. 891. While a strong showing is required to prove an oral trust, yet the application of the rule does not require as great amount of proof where the trustee is not seeking an adverse decree to the cestui que trust.

We have examined the other questions and find no merit in them. The case was tried according to law and we find the decree sustained by adequate testimony.

The decree is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.