In re Hubert L. BETHUNE, Debtor.

Martha T. ROPER, as Trustee of the Bankrupt Estate of Hubert L. Bethune, and R. P. McDavid Company, Inc., Plaintiffs,

v.

CITY NATIONAL BANK OF BIRMINGHAM, a National Banking Association, Lester L. Robinson, Allyne B. Robinson, Noel Edwards, and Susan W. Edwards, Defendants.

Bankruptcy No. 80–06872.
Adv. No. 81–0481.

United States Bankruptcy Court,
N. D. Alabama.

Jan. 12, 1982.

Martha T. Roper, Albertville, Ala., for trustee.

John Martin Galese, Birmingham, Ala., for plaintiff.

Alexander W. Jones, Jr., Birmingham, Ala., for defendant.

## ORDER DENYING MOTIONS TO DISMISS

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

This case was filed in, and is pending before, this Court under Chapter 7, Title 11, United States Code. The above-styled adversary proceeding was filed in this case by a creditor which claims to hold a judgment lien on certain real property and by the trustee in bankruptcy. Among other things, the complaint seeks to have this Court set aside a deed by the debtor and certain other conveyances of said real property. The complaint alleges that the plaintiffs are proceeding under *Code of Alabama* § 8–9–6 (1975), which declares void all conveyances made with intent to hinder, delay, or defraud creditors.

The conveyances are alleged to have occurred in February, March, and April, 1979. This case was filed December 18, 1980, and this adversary proceeding was commenced May 8, 1981.

Motions to dismiss the complaint have been filed by the defendants, have been argued to the Court by counsel for the parties, and have been duly considered by the Court. The motions state that the complaint affirmatively shows that it is barred by 11 U.S.C. § 548 and that the plaintiffs may avoid a transfer by the debtor only if the transfer occurred within one year before the date of the filing of the debtor's petition, *i.e.*, between December 18, 1979, and December 18, 1980.

When the Court heard these motions, counsel for the plaintiffs argued that the ten-year statute of limitations found in *Code of Alabama* § 6–2–33(2) was applicable rather than a one-year statute of limitations. The attorney for the defendants argued that the plaintiffs' claims were barred by a one-year statute of limitations under 11 U.S.C. § 548.

It appears to the Court that counsel are confused in their perceptions of the several statutes mentioned.

■ Section 548, dealing with fraudulent transfers, constitutes a grant of a power to the trustee in bankruptcy rather than constituting a statute of limitations upon a right or power of the trustee. The power granted is limited to the terms of the statute, which includes only (excluding obligations) a transfer made within one year before the date of the filing of the bankruptcy petition. The reference to the time period obviously has no bearing upon some other right or power of the trustee.

■ Under 11 U.S.C. § 544(b), the trustee may avoid a transfer that is voidable under applicable law by a creditor holding an unsecured claim. The trustee in bankruptcy may avoid the conveyances in question, if there is such a creditor in this case who would have the right to do so under *Code of Alabama* § 8–9–6 (1975). As to such a right, it appears that the applicable statute of limitations is ten years, as provided in *Code of Alabama* § 6–2–33(2) (1975).

The plaintiff-creditor is alleged to be a secured creditor rather than an unsecured creditor. It does not appear to be alleged in the complaint that there is an unsecured creditor in this case which would have the right to set aside the alleged fraudulent conveyances—the right which the trustee seeks to exercise; however, the motions to dismiss make no point of this. The point or points taken by the motions are not well-founded and the motions are due to be dismissed.

## ORDER

It is ORDERED by the Court that the motions by the defendants to have this

Court dismiss the complaint of the plaintiffs are denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the plaintiffs, the defendants, counsel of record, and the United States trustee.