In re Jeffrey P. **HECHT** and Sandra L. Hecht, the Chester Inn Partnership, Debtors.

David D. **ROBINSON,** Esquire, Trustee, Plaintiff,

v.

Stuart J. **ATLAS,** Defendant.

Bankruptcy Nos. 85–00095, 85–00105. Adv. No. 85–0054.

United States Bankruptcy Court, D. Vermont.

July 3, 1985.

David D. Robinson, Rutland, Vt., Trustee, pro se.

Jerome I. Meyers, White River Junction, Vt., Robert DiConsiglio, Livingston, N.J., for Stuart J. Atlas.

Alan R. Medor, Rutland, Vt., for debtors.

E. Bruce Weber and Jane Mills, Brattleboro, Vt., for Bank of Vermont.

Jonathan Bump, Putney, Vt., for Thomas Guido, et al., assignees of Wonder-Care.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

In this adversary proceeding the Court has before it for determination the Complaint of David D. Robinson, Esquire, Trustee, to determine the validity, priority and extent of the mortgage lien of Stuart J. Atlas. This Complaint was filed on May 30, 1985 with an Answer filed by Atlas on June 13, 1985.

Jeffrey P. Hecht and Sandra L. Hecht filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on May 9, 1985, and an Involuntary Petition under Chapter 7 was filed against The Chester Inn Partnership d/b/a The Chester Inn. An Order for Relief under Chapter 7 as to The Chester Inn Partnership was entered on June 10, 1985 on the same day on which it filed its Schedules. These list Stuart J. Atlas of 125 North Beverwyck Road, Parsippany, New Jersey 07054, as a secured

creditor DISPUTED in the sum of $220,000 with the Chester Inn and Fletcher Block on Main Street, Chester, Vermont, listed as security for the indebtedness, and a market value shown as $785,000. In addition, Bank of Vermont in the sum of $502,000 with the same property as security plus personal property showing a market value of $835,000, and Tom Guido in the sum of $90,000 with Chester Inn and personal property as security showing a market value of $700,000, are also listed as secured creditors. An Order for Joint Administration of these cases was entered on May 31, 1985.

On March 12, 1984 Jeffrey Hecht and Sandra Hecht as "General Partner" and Stuart J. Atlas as "Limited Partner" in accordance with the provisions of The Limited Partnership Act, Title XI, Chapter 11, of the Vermont Statutes Annotated, entered into a Limited Partnership Agreement under the name of "The Chester Inn, Partnership." The pertinent provisions of this agreement are as follows:

Section 1.06:

"(a) The contribution required for the purchase of the Limited Partnership Interest (Interest) shall be $35,000.00 and shall be called the Total Contribution. The Total Contribution shall consist of $35,000.00 cash which shall be paid at or before the Partnership is formed.

"(b) The Total Contribution of the Limited Partner shall not exceed $35,000.00.

"(c) The Partnership shall not be formed or commence operations until aggregate Total Contributions of at least $35,000.00 have been received or committed from the Limited Partner.

"(d) The Limited Partner agrees to obtain a loan for the Partnership in the amount of $200,000.00. The loan shall be secured by a mortgage on the Partnership real estate. For a portion of the real estate the mortgage will be a second mortgage, and for a portion of the real estate the mortgage will be a third mortgage. The loan shall be obtained at or prior to the purchase of the real estate and shall be at prevailing interest rates.

"(e) In the event that the Limited Partner is unable to secure a loan on the terms of subsection (d), the Limited Partner agrees to make said loan to the Partnership personally...."

Section 9.01:

"(a) The Partnership shall be dissolved in the event of the General Partner's dissolution, bankruptcy, insolvency, or other withdrawal from the Partnership or by the expiration of the term of the Partnership, as provided in Article 1.04...."

Section 9.02:

"Upon the dissolution of the Partnership, all of the assets of the Partnership shall be liquidated and the proceeds distributed as follows and in the following order of priority:

"(a) All of the Partnership's debts and liabilities to persons other than Partners shall be paid and discharged.

"(b) All of the Partnership's debts and liabilities, other than those reflected in the Partner's capital accounts, to the General Partner and to any Limited Partner shall be paid and discharged;

"(c) The remaining proceeds shall be distributed among the Partners according to Article 4 of this Agreement...."

Section 11.05:

"This Agreement, and the application or interpretation thereof, shall be governed exclusively by its terms and by the laws of the State of Vermont."

This Limited Partnership Agreement was recorded on March 15, 1984 in Book 62, Pages 396—411 of the Chester, Vermont Records.

On or about the 4th day of May, 1984, Limited Partner Atlas loaned to the Chester Inn Partnership the sum of $200,000.00, and this sum was secured by a real estate mortgage on the premises known as "The Chester Inn" and "The Fletcher Block." The mortgage recited that it was subordinate to a first mortgage in favor of Bank of Vermont on the premises known as "The Chester Inn" and the "Fletcher Block" and a second mortgage in favor of Thomas and Betsy Guido on the "Chester

Inn." This mortgage was recorded on May 4, 1984 in Book 26, Pages 188–91 of the Land Records of the Town of Chester, Vermont. On or about September 12, 1984, Limited Partner Stuart J. Atlas executed and delivered to Gateway Mortgage Corp. of Gateway 1, Newark, New Jersey 07102 an assignment of the mortgage from The Chester Inn Partnership to him dated May 4, 1984. The assignment recites that it was executed to secure payment of the sum of $200,000.00, the consideration having been paid to Citibank, N.A., on behalf of the assignor. This assignment was not recorded in the Land Records of the Town of Chester, Vermont.

On the date of the loan of $200,000.00 by Limited Partner Stuart J. Atlas to the Chester Inn Partnership and on the date of the execution of the mortgage from the Chester Inn Partnership to Limited Partner Atlas; i.e., May 4, 1984, the Chester Inn Partnership had sufficient assets to discharge partnership liabilities to persons not claiming as general or limited partners.

The unpaid indebtedness under the aforesaid mortgage from The Chester Inn Partnership to Limited Partner Atlas is $200,000.00 plus interest at prime rate plus 2% per annum from October 1, 1984 in accordance with the terms of the note secured by the mortgage, but this balance is subject to two payments made by the Debtor to Gateway Mortgage Corp., one in the sum of $4,772.56 made on September 5, 1984 and the other in the sum of $7,561.65 made on October 16, 1984.

The Limited Partnership Agreement was executed with all of the formalities of a certificate of limited partnership as required by the Limited Partnership Act as enacted in this state.

## DISCUSSION

The Trustee contends that the mortgage from the Chester Inn Partnership to Atlas is invalid as to him as trustee and by virtue of the filing of the Petition for Relief by this partnership, the partnership was dissolved and in making distribution of the assets all of the partnership's debts and liabilities shall be paid in advance of any payments to general and limited partners. His position is not tenable.

■ The nature of a creditor's property rights in bankruptcy is defined by state law, not federal law. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136; *In Re Skelly Jr.* (U.S. District Court—D. Delaware—1984), 38 B.R. 1000, 1001. State law also defines the nature and extent of debtor's and, therefore, the estate's interest in property. *Butner v. U.S.,* supra; *In Re Abdallah* (Bankr.D. Mass.1984) 39 B.R. 384, 386; *In Re Ford* (Bankr.Md.1980) 3 B.R. 559, aff'd 638 F.2d 14 (4th Cir.1981). In addition the Partnership Agreement was entered into in accordance with the provisions of the Limited Partnership Act, Title XI, Chapter 11 of the Vermont Statutes Annotated and it provided that the application or interpretation thereof was to be governed exclusively by its terms and the laws of the State of Vermont. Accordingly, the rights of Atlas and the Trustee are controlled by the law of this state.

Transactions with limited partners are defined under 11 V.S.A. § 1403 as part of the Limited Partnership Act in Vermont as follows:

"(a) A limited partner also may loan money to and transact other business with the partnership, and, unless he is also a general partner, receive on account of resulting claims against the partnership, with general creditors, a pro rata share of the assets. No limited partner shall in respect to any such claim;

"(1) Receive or hold as collateral security any partnership property, or

"(2) Receive from a general partner or the partnership any payment, conveyance, or release from liability, if at the time the assets of the partnership are not sufficient to discharge partnership liabilities to persons not claiming as general or limited partners.

"(b) The receiving of collateral security, or a payment, conveyance, or release in

violation of the provisions of this section is a fraud on the creditors of the partnership."

Under the foregoing statute a limited partner, although he may loan money to the partnership, may not receive or hold as collateral security any partnership property. Such a prohibition is absolute under subparagraph (a)(1) and it does not depend upon whether or not the partnership has sufficient assets to satisfy the partnership liabilities as argued by Limited Partner Atlas. In reading the foregoing statute it is noted that subparagraph (a)(2) is in the alternative. Therefore, the receiving of the real estate mortgage by Atlas from the partnership constituted a fraud upon the creditors of the partnership. § 1403(b).

By virtue of such a fraud the Trustee seeks, under § 544 of the Bankruptcy Code, to avoid the real estate mortgage received by Atlas and assigned by him to Gateway Mortgage Corp. § 544 gives the trustee the rights of a hypothetical lien creditor as of the commencement of the case, and subparagraph (b) of this section confers upon the trustee, with certain restrictions, the power to avoid any of the debtor's transfers or obligations that are voidable for fraud or any other reason under applicable state or federal law. Voidability, therefore, is not automatic but must be asserted, and is to be determined wholly by the applicable law, federal or state. The trustee has no independent power of avoidance, but may act only upon the rights of at least one unsecured creditor holding an allowable claim, against whom the transfer or obligation was invalid under such law. The creditor, however, need not have reduced his claim to a lien or judgment. The transfer is voidable in its entirety to the extent necessary to benefit the estate and the recovery is for the benefit of all creditors holding unsecured claims. The trustee cannot act upon the rights of holders of secured claims under this section.

Thus to sustain an action by a trustee for the avoidance of a fraudulent transfer under section 544(b), it must be shown that at least one of the present creditors of the estate, holding an allowable claim, was an actual unsecured creditor or the successor in interest of an actual unsecured creditor against whom the transfer was fraudulent and voidable under the controlling state or federal law. Similarly, in order to attack a transfer or obligation as voidable for any other reason—as, for example, lack of recordation under state law—the trustee must show that there was at least one actual creditor holding an unsecured claim or the successor in interest of such a creditor was protected from lack of recordation by the state law and as against whom the transfer was invalid because of such nonrecordation. 4 Collier 15th Edition 544–19 § 544.03. *In Re O.P.M. Leasing Services, Inc.* (Bankr.S.D.N.Y.1984) 40 B.R. 380, 393; *In Re Buchanan* (Bankr.E.D. Tenn.1983) 35 B.R. 842, 846; *In Re Talla* (Bankr.E.D.Mich.1983) 34 B.R. 927, 930; *In Re Bethune* (Bankr.N.D.Ala.1982) 8 B.C.D. 1101, 18 B.R. 418; *In Re Brent Explorations, Inc.* (Bankr.D.Colo.1983) 10 B.C.D. 1123, 1125, 31 B.R. 745.

The Trustee has failed to establish that there was at least one other creditor holding an unsecured claim against the debtor, The Chester Inn Partnership, on the date that the mortgaged property was transferred by it to Limited Partner Atlas. In addition, the Court observes that the Schedules listing the liabilities of the Debtor failed to specify any date when each unsecured claim was incurred. Accordingly, the Trustee is not empowered to avoid a transfer by way of mortgage from The Chester Inn Partnership to Limited Partner Atlas and the Court must necessarily conclude that this mortgage is valid. Having reached this result, it is not necessary to make a determination as to the manner of distribution upon liquidation of the assets of the Debtor as provided under § 9.02 of the Limited Partnership Agreement and as recited in 11 V.S.A. § 1413.

The Clerk is being instructed to enter Judgment in accordance with this Memorandum Opinion.