**In re Daniel Bradley STEELE, Debtor.**

**Valerie J. HALL, Trustee, Plaintiff,**

v.

**Max F. KUHLMAN and Aurora D. Kuhlman, Defendants.**

Bankruptcy No. 86–715–BK–J–GP.

Adv. No. 86–308.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 26, 1987.

Thomas C. Saitta, Jacksonville, Fla., for plaintiff.

Leo B. Hill, Jacksonville, Fla., for defendants.

Valerie J. Hall, Gainesville, Fla., trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiff, as Trustee, has filed this action to recover certain real property alleged to have been fraudulently conveyed prepetition by the debtor to his grandparents. Upon the testimony and documentary evidence presented at trial, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. In late 1983, debtor moved to Green Cove Springs, Florida, to open his own business.

2. Debtor purchased and took title in his own name to four parcels of real estate

in or near Green Cove Springs, including the parcel referred to as the Hill Street property.

3. The Hill Street property was acquired by the debtor when he purchased an ongoing ice business from David Martin. As part of this transaction, debtor executed a promissory note in the amount of $90,000.00 in favor of David Martin and Martin U.S.A., Inc. The remainder of the purchase price was paid with funds borrowed from his grandfather, defendant.

4. Although defendant testified that he loaned his grandson the remainder of the money necessary to purchase the business, there is no evidence that Max F. Kuhlman or Aurora D. Kuhlman ever received a security interest in the property.

5. The ice-making business was soon in financial difficulty and debtor began having problems meeting his expenses. By July, 1984, his problems were acute, and he abandoned his entire interest in the ice-making company as well as several other business ventures.

6. In the fall of 1984, Martin threatened to bring legal action against debtor for failing to make the payments due under the note. In response, debtor in January of 1985, conveyed his interest in the Hill Street property to his grandparents, Max and Aurora Kuhlman, without any tangible consideration.

7. The terms of the note between Steele and Martin, allowed the entire amount to become due upon default. When Steele failed to make the required payments on the note, Martin elected to pursue his remedies in state court, and a default judgment was entered against debtor on January 14, 1986, in the amount of $110,011.04.

8. Although the debtor has alleged that the property was conveyed to the grandparents as repayment for past loans, there is no supporting evidence such as notes, contracts, or joint names on deeds, to indicate the creation of any obligation between debtor and his grandparents. Furthermore, the defendants have not filed a claim in the bankruptcy case and are not listed on any schedules filed by the debtor.

## CONCLUSIONS OF LAW

1. In order to prevail under § 544(b) of the Bankruptcy Code and to void a transfer of a debtor's interest in property, the trustee must first establish that at the time of the transfer there was a creditor in existence who was holding an unsecured claim. *Matter of Acquafredda*, 26 B.R. 909 (Bkrtcy M.D.Fla.1983). The unsecured debt owed to creditor, David Martin, in the amount of approximately $90,000.00 qualifies. See 11 U.S.C. § 502.

2. Secondly, the trustee must also prove that the transaction could have been avoided by such creditor under the applicable state law. Section 726.01, *Florida Statutes*, provides that every conveyance or transfer of property made with the intent to delay, hinder, or defraud creditors is void and of no effect. The intent within the meaning of this statute is the debtor's intention to prevent his creditors from satisfying their debts. *Wimmers v. Blackburn*, 151 Fla. 236, 9 So.2d 505 (1942). If the legal effect of the conveyance is to delay or hinder creditors, it is fraud in the law regardless of the actual motives of the debtor or transferee. *Livesay Industries, Inc. v. Window Co.*, 305 F.2d 934 (5th Cir.1962).

3. In *Cleveland Trust Co. v. Foster*, 93 So.2d 112 (Fla.1957), the Florida Supreme Court set forth several facts and circumstances which have long been considered indicia or "badges" of fraud. Among these are:

(a) Relationship between the debtor and the transferee.

(b) Lack of consideration for the conveyance.

(c) Insolvency or indebtedness of the debtor.

(d) The transfer of the debtor's entire estate.

(e) Reservation of benefits, control or dominion by the debtor.

(f) Secrecy or concealment of the transaction.

(g) Pendency or threat of litigation at the time of the transfer.

While the presence of any one of these factors alone may be insufficient to avoid a transfer, the presence of several of these factors in combination is certainly sufficient ground to find that a fraudulent conveyance has occurred. In this case, five of these factors are present:

(1) There was a family relationship between the parties (grandparents and grandson);

(2) There was no consideration except "love and affection";

(3) The transfer of this property, as well as the transfer of the other property, was of debtor's entire estate;

(4) The transfer resulted in insolvency and indebtedness of debtor; and

(5) There was a threat of litigation by creditor Martin prior to the transfer.

4. Based upon the foregoing, the Court finds that the conveyance of the Hill Street property to Max and Aurora Kuhlman is avoidable as a fraudulent transfer. Secondly, the Court finds that the transfer was a conveyance made for the sole purpose of delaying, hindering, or defrauding creditors. Accordingly, the Court will enter a separate final judgment avoiding the transfer under 11 U.S.C. § 544(b).