In re Eugenia Mae DAVIS, Debtor.

Gregory K. CREWS, Trustee, Plaintiff,

v.

Vicki CARWILE, Defendant.

Bankruptcy No. 91–980–BKC–3P7.
Adv. No. 91–642.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 23, 1992.

Aaron R. Cohen, Jacksonville, Fla., for plaintiff.

Albert H. Mickler, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon Motions for Summary Judgment filed by the plaintiff and the defendant. Hearings were held on November 27, 1991, and December 17, 1991. The Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

For purposes of clarity an explanation of the relationship of the parties is in order. Defendant, Vicki Carwile, is the daughter of the debtor, Eugenia Mae Davis. Alma P. Davis was debtor's mother and, thus, defendant's grandmother.

On February 26, 1979, Alma P. Davis received a $102,000.00 promissory note and mortgage from Patrick D. and Suzanne E. Brackett to be paid in monthly installments of $750.00 at eight percent interest. The mortgage was secured by the following real property:

Lot Sixteen (16), Block Two Hundred Three (203), LAKESIDE PARK, according to plat thereof recorded in Plat Book 3, Page 11, of the current public records of Duval County, Florida.

Alma Davis assigned the mortgage and note to debtor on August 14, 1980, but reserved a life estate interest in the payments. She passed away on July 10, 1982, vesting the mortgage and right to receive the monthly payments in debtor.

On October 15, 1985, debtor assigned her right to receive 120 of the monthly mortgage payments to Barco Investments for $47,000.00. Debtor retained a reversionary interest for the balance of the payments.

In late 1989, debtor met with an attorney regarding her financial difficulties. During the course of the discussions, debtor learned that her reversionary interest was an asset that could be reached by creditors.

On December 8, 1989, debtor irrevocably assigned her reversionary interest to defendant, her daughter, for the sum of $10.00. The assignment is recorded in the public records of Duval county, Florida, at volume 6806, page 176. At the time of the assignment, the principal balance left on the reversionary interest was approximately $47,-000.00.

Debtor contends that at the time her mother transferred the mortgage and note to her, the mother intended for the proceeds to be divided equally between debtor and defendant. Thus, she asserts that the transfer of her reversionary interest was not a true transfer but was only intended to memorialize the verbal family agreement.

In the year following the assignment, debtor was sued by a variety of financial institutions:

1. First Union Bank—final judgment for $2,224.28 entered on September 27, 1990;
2. Citibank—final judgment for $8,572.06 entered in February, 1991;
3. Barnett Bank—final judgment for $4,488.29 entered on August 30, 1990; and
4. Southeast Bank—sued for $3,705.07 on January 23, 1991, but no judgment ever entered.

Debtor filed a voluntary Chapter 7 petition on March 1, 1991.

When debtor transferred the reversionary interest in December of 1989, she was indebted to virtually all of the creditors that were later included in her bankruptcy schedules. In addition her assets were essentially the same as when the bankruptcy petition was filed in March of 1991, with two exceptions. Debtor sold her 1976 Corvette worth $4,300.00, and subject to a $2,000.00 lien, during such time and also

dispossessed herself of some household furniture.

## Conclusions of Law

This proceeding has come before the Court on competing motions for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable by Federal Rule of Bankruptcy Procedure 7056, requires that summary judgment only be entered if the pleading, depositions, and other evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court has reviewed the pleadings and depositions filed in this adversary proceeding and is satisfied that no genuine issue of material fact exists. Accordingly, a review of the law is necessary to determine which party is entitled to a judgment.

Trustee brought this suit pursuant to 11 U.S.C. § 544(b), which provides in pertinent part:

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

The applicable law that the trustee seeks to apply in this proceeding is Florida Statute ch. 726.105 which provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in re-

lation to the business or transaction; or

2. Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

█ Pursuant to Fla.Stat. ch. 726.110, the statute of limitations for bringing an action under Fla.Stat. ch. 726.105 is four years. The transfer at issue in this proceeding occurred in December, 1989, less than four years before the filing of the complaint. However, defendant argues that the state statute of limitations is restricted by the one year time period for avoiding fraudulent transfers prescribed by 11 U.S.C. § 548.

Defendant's reading of the statute is misguided. The one-year time period in § 548 is merely a restriction on the powers granted to the trustee under that section. It does not constitute a statute of limitations and has no bearing on the trustee's powers under other sections. *In re Bethune*, 18 B.R. 418, 419 (Bankr.N.D.Ala. 1982).

█ Under § 544(b) the trustee is given the power to avoid transfers which are avoidable under "applicable" law. Applicable law has consistently been held to include state law. *In re Robbins*, 91 B.R. 879, 883 (Bankr.W.D.Mo.1988); *In re Hescon Developers, Inc.*, 81 B.R. 26, 30 (Bankr.S.D.Cal.1987). "Since the bankruptcy court is applying the forum state's substantive law of fraudulent conveyance in actions brought under Section 544(b), the bankruptcy court is required to apply the forum state's statute of limitations governing fraudulent conveyances." *In re Josefik*, 72 B.R. 393, 397 n. 4 (Bankr.N.D.Ill. 1987); *In re Bethune*, 18 B.R. at 419. Accordingly, the four year state statute of limitations is appropriately applied to this proceeding and the complaint was timely filed.

Next the Court must assess the merits of state fraudulent conveyance claim. Subsection (2) of the statute outlines a number of factors to be considered in determining

whether actual intent to hinder, delay or defraud creditors exists.

(2) In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:

(a) The transfer or obligation was to an insider.

(b) The debtor retained possession or control of the property transferred after the transfer.

(c) The transfer or obligation was disclosed or concealed.

(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(e) The transfer was of substantially all the debtor's assets.

(f) The debtor absconded.

(g) The debtor removed or concealed assets.

(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.

(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Fla.Stat. ch. 726.105(2).

■ Examining the statutory factors, the Court finds that of the eleven factors, six work against the debtor, only four work in her favor, and one is not applicable. The following factors confirm that a fraudulent transfer was made:

1. The transfer was to debtor's daughter, an insider.

2. When the transfer was made several lawsuits by various financial institutions were imminent.

3. The transfer was of substantially all of debtor's assets. As indicated by her schedules, her remaining assets were in-

significant compared to the value of the transferred reversionary interest.

4. The transfer removed debtor's major asset from the reach of her creditors.

5. The ten dollar consideration debtor received was not reasonably equivalent value for the interest which had a $47,-000.00 principal balance remaining.

6. Unable to pay her bills as due, debtor was or became insolvent shortly after the transaction.

The debtor did not retain possession or control of the reversionary interest and the assignment, having been recorded in the public records, was not concealed. In addition, debtor did not abscond or incur a substantial debt near the time of the transfer. Thus, these four factors mitigate against finding that a fraudulent conveyance was made.

The last factor deals with assets of a business and, therefore, is not applicable to this case.

The evidence demonstrates that the transfer, to an insider, was of substantially all of debtor's assets for only nominal value shortly before debtor became insolvent and while several lawsuits were on the horizon. The combination of these factors is sufficient ground to find, under Fla.Stat. ch. 726.105(1)(a), that a fraudulent conveyance has occurred. *See In re Steele*, 79 B.R. 503, 505 (Bankr.M.D.Fla.1987).

In addition, grounds for finding a fraudulent conveyance also exist under Fla.Stat. ch. 726.105(1)(b). Debtor, having been paid ten dollars for the reversionary interest worth approximately $47,000.00, clearly, did not receive reasonably equivalent value.

The evidence also indicates that debtor believed or reasonably should have believed that she would incur debts beyond her ability to pay as due. The schedules show that debtor had a net income of $860 a month, $2,768.05 in priority debt, and $32,588.59 in unsecured debt at the time the petition was filed. At the time of the transfer, debtor's financial situation was substantially the same. Shortly before the transfer, debtor consulted with a bankruptcy attorney concerning her financial difficulties. The Court finds that debtor should have be-

**110**

lieved that her income and post-transfer assets would not be sufficient to pay her debts as they became due. Therefore, the transfer was a fraudulent conveyance under Fla.Stat. ch. 726.105(1)(b).

■ Finally, trustee seeks to have personal liability assessed against defendant for the avoided transfer pursuant to 11 U.S.C. § 550, which provides:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

In the case at bar, the trustee is entitled to recover the reversionary interest for the benefit of the estate because 1) the transfer to defendant is void under § 544(b) and 2) defendant was the initial transferee of the interest.

### Conclusion

The transfer of the debtor's reversionary interest to defendant was a fraudulent conveyance under Florida Statute ch. 726.105 and, therefore, avoidable by the trustee pursuant to § 544(b). The transfer having been avoided, § 550 permits the trustee to recover the interest from defendant because she was the initial transferee.

A separate summary final judgment in favor of plaintiff will be entered.