**In re F. Kelley LANDOLPHI, Debtor(s).**

**Diane L. Jensen, Trustee in Bankruptcy, Plaintiff,**

**v.**

**F. Kelley Landolphi, Trustee under that certain Land Trust Dated March 19, 1999 and Numbered 993, Defendant.**

**Bankruptcy No. 9:05–bk–22016–ALP.**
**Adversary No. 9:06–ap–00347–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Oct. 16, 2007.

**410**

Diane L. Jensen, Fort Myers, FL, pro se.

Thomas H. Curran, Sherin and Lodgen LLP, Boston, MA, for Plaintiff/Defendant.

Daryl DeValerio Andrews, Sherin and Lodgen LLP, Boston, MA, for Defendant.

### FINDINGS OF FACTS, CONCLUSION OF LAW, MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

IN THIS Chapter 7 liquidation case, the Trustee of the estate of F. Kelley Landolphi (Debtor), Diane Jensen (Trustee) filed an Amended Complaint setting forth three separate claims in three separate counts. The claim in Count I of the Complaint is based on 11 U.S.C. § 544(b) and FLA. STAT. ch. 726.105(1)(a) (2007). The claim is based on the contention that on March 31, 1999, the Debtor, who was the owner of certain real estate legally described as Unit 205, Building D, Phase 6 of Fairways at Emerald Greens Condominium (Condominium) transferred his solely owned interest in said condo with actual intent to hinder, delay or defraud a creditor. The Trustee claims that this transfer is an avoidable fraudulent transfer and she, as the estate's representative, as one creditor that existed at that time has the right to attack the transfer as fraudulent pursuant to FLA. STAT. ch. 726.105(1)(a). Thus, the Trustee has standing to attack the transfer pursuant to Section 544(b)(10) of the Bankruptcy Code.

The claim in Count II is based on the contention that the Debtor at the time he conveyed the subject property to the Land Trust personally owed the amount of $5,430.84, to the government for his 1998 income taxes. It is further alleged by the Trustee that the Debtor received no consideration for the transfer; that at the time of conveyance the Debtor was insolvent or became insolvent as a consequence

of the conveying the said property to the Land Trust. As in the claim in Count I, the Trustee in Count II contends that at the time of the conveyance, the Trustee had the right to stand in the shoes of the Internal Revenue Service and to bring the action pursuant to Section 544(b) of the Bankruptcy Code thereby relying on FLA. STAT. ch. 726.105(1)(a).

The claim in Count III is based on the theory that the Debtor is an alter ego of the Land Trust Number 993, dated March 31, 1999, (Land Trust) and contends that the Debtor, who is the named Defendant in the above-captioned adversary proceeding, is also the trustee of same. The beneficial interest of the Land Trust was assigned to Wendi Casa Landolphi, the Debtor's ex-wife (Debtor's Ex–Wife), on or about May 19, 2000, for the benefit of the Debtor's daughter, Chloe, who in fact holds one hundred percent ownership interest in the Condominium located in Naples, Florida.

It is further alleged the Land Trust provided that the document may not be amended without the written agreement of the Debtor and the beneficiaries. At the time of the filing of the Petition, the Debtor exercised full dominion and control of the Condominium where he resided without paying any rent to the Land Trust. However, the Debtor did pay the carrying cost, such as maintenance fees, that were owed to the Condominium Association. According to the claim, the Land Trust was created by the Debtor at a time when there were actual existing creditors of the Debtor. The Trustee in this Count prays for an order determining that the Condominium is the property of the estate and subject to administration by the Trustee.

In due course, the Debtor filed his Answer to the Amended Complaint and denied some of the allegations asserted by the Trustee. The Debtor admitted to certain allegations as set forth in the Amended Complaint, however, he failed to respond to the legal conclusions, for which there is no response required. In addition to his Answer, as filed, the Debtor also filed certain Affirmative Defenses. Among the Affirmative Defenses as pled by the Debtor, only the second Affirmative Defense qualifies as an affirmative defense pursuant to F.R.B.P. 7008(e). The Debtor contends that the Trustee's Amended Complaint is barred by the statute of limitations.

Prior to the scheduled date for the trial, the parties filed a Joint Pretrial Statement (Statement) (Doc. No. 62) where the Trustee scheduled ten proposed exhibits to be introduced into evidence and Defendant scheduled four items to be presented to this Court. According to the Statement, the stipulation was with reservation of right to file an objection to any exhibit proposed to be introduced at trial.

At the duly scheduled final evidentiary hearing, the Trustee, rather than proceeding and presenting evidence, attempted to argue the case. The attorney for the Debtor, for the first time, raised the point that the claims asserted in Count I and II cannot be maintained by the Trustee because at the time of the questioned transfer there were no creditors with an unsecured claim from whom the Trustee can borrow the chose of action set forth in Count I and II.

Inasmuch as the Court stated it was of the opinion that the proper method of presenting the case would be evidentiary, it called on the Trustee to present her evidence. The Trustee attempted to call the Debtor to testify. However, since he was not subpoenaed to appear before this Court at the scheduled trial by the Trustee, the Debtor was unavailable for the Trustee's case. Thus, based on the Debtor not being available for the Trustee's case,

the Trustee was restricted in the introduction of her ten proposed exhibits.

Having heard argument of counsel for the parties, the Court sustained some of the objections and overruled some. The documents as admitted into evidence establish that in 1999, the time of the transfer of the Condominium, the Debtor was the sole owner of the Condominium located in Naples, Florida. On March 31, 1999, the Debtor executed a Warranty Deed whereby he transferred his interest to himself as trustee under a certain Land Trust Agreement Number 993, with full power and authority to protect, preserve, sell, lease, encumber or otherwise manage the property. (Trustee's Exhibit No. 3).

The Land Trust Agreement, dated on the same date as the Warranty Deed, named the Debtor as trustee and provided Debtor's Ex–Wife, with the power of direction over the Trust Property and one hundred percent beneficial interest in the Land Trust. (Trustee's Exhibit No. 3). On May 19, 2000, the Debtor's Ex–Wife assigned her one hundred percent beneficial interest in the Land Trust to Chloe Kelley Landolphi, the Debtor's minor daughter. (Trustee's Exhibit No. 4). This Court is satisfied that it is without dispute that neither transfer is supported by valuable and adequate consideration.

Chloe, who was two years old at that time, is still the only beneficiary of the Land Trust. It appears that at the time the initial transfer was made into the Land Trust, the Debtor had no creditors with allowable secured claims and did not become legally liable to the Internal Revenue Service (IRS) for his 1998 taxes until April 16, 1999. This liability was resolved by the Debtor paying $5000.00 with his tax return, entering into an approved installment plan with the IRS, and paying it satisfactorily. The Debtor presently owes no balance on his 1998 tax return.

At the conclusion of the Trustee's presentation of the record which consisted of the documents admitted into evidence, the Trustee announced that she rested her case. Counsel for the Debtor made an *ore tenus* Motion for Directed Verdict (sic), that is, a Judgment on the Pleadings, contending that there is nothing in this record which indicates that the Trustee failed to establish an independent requirement of a claim as asserted under § 544(b), that is, the existence of an unsecured creditor at the time of the transfer, citing *In re Miller*, 188 B.R. 302, 305 (Bankr.M.D.Fla. 1995); *In re Mizrahi*, 179 B.R. 322, 326. As stated in the case of *In re Steele*, 79 B.R. 503, Bankr.M.D. Fla 1987, in order to prevail under § 544(b) of the Bankruptcy Code, to avoid a transfer of the debtor's interest in property, the trustee must first establish at the time of the transfer there is a creditor in existence who is holding an unsecured claim.

Trustee admits that there was no claim yet due and owing on the date of the transfer to the IRS but contends that the 1998 taxes were not due and owing until April 15, 1999, when the Debtor filed his 1998 tax return. Thus, the Debtor incurred the 1998 tax liability during the year 1998 and not when he filed his return.

Based on the foregoing, this Court is satisfied that the Trustee's Amended Complaint shall be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Amended Complaint be, and the same is hereby dismissed in favor of the Defendant, F. Kelley Landolphi, Trustee under that certain Trust Dated March 19, 1999 and Numbered 993, and against Diane L. Jensen, Trustee in Bankruptcy.

A separate Final Judgment will be entered in accordance with the foregoing.

### *FINAL JUDGMENT*

This cause came on for consideration on the Court's own Motion for entry of a Final Judgment in the above-captioned adversary proceeding. The Court has examined the record and finds that it has entered its Findings of Fact, Conclusion of Law, and Memorandum Opinion. It is therefore appropriate to enter Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Defendant, F. Kelley Landolphi, Trustee under that certain Trust Dated March 19, 1999 and Numbered 993, and against Plaintiff, Diane L. Jensen, Trustee in Bankruptcy, on Counts I, II, and III of the Amended Complaint, and the same is hereby dismissed with prejudice